**In re Michael J. McKENZIE, Debtor.**

**Michael J. McKENZIE,
Plaintiff/Appellee,**

v.

**UNITED STATES of America, INTERNAL REVENUE SERVICE, Defendant/Appellant.**

Nos. 93–31005–S–7, 3:98CV7004.

United States District Court,
N.D. Ohio,
Western Division.

May 1, 1998.

Laurence E. Sturtz, Carlile, Patchen & Murphy, Columbus, OH, for Michael J. McKenzie.

Glenn J. Melcher, Tax Division, Department of Justice, Washington, DC, Emily M. Sweeney, Office of U.S. Attorney, Cleveland, OH, for Internal Revenue Service.

## ORDER

CARR, District Judge.

This is an appeal by the defendant/appellant United States of America, Internal Revenue Service (IRS) for review of the August 26, 1997 decision and order of the United States Bankruptcy Court for the Northern District of Ohio. (Doc. 4). IRS filed this appeal pursuant to 29 U.S.C. § 158(c)(1)(A). For the reasons that follow, the bankruptcy court's decision is affirmed.

### Background

Plaintiff/Appellee Michael J. McKenzie filed a voluntary petition for bankruptcy with the bankruptcy court on April 2, 1993. On Schedule E of his petition, plaintiff listed as debt federal taxes for taxable years 1980 through 1992 in the total amount of $371,-490.36. On March 7, 1994 the bankruptcy court granted plaintiff a discharge of debtor, discharging all obligations, including tax obligations to IRS listed on Schedule E.

In 1997, IRS notified plaintiff that it intended to collect back taxes from plaintiff based upon the taxable years 1980 through 1983. Plaintiff filed a complaint to determine dischargeability in bankruptcy court. (Doc.

6). Both plaintiff and IRS filed motions for summary judgment. (Docs. 8 and 11). The bankruptcy court granted summary judgment in favor of plaintiff on August 26, 1997. (Docs. 13 and 14).

IRS timely moved to alter or amend judgment. (Doc. 15). The bankruptcy court entered a decision and order on November 25, 1997, denying IRS's motion. (Docs. 3 and 4). IRS brings the instant appeal. IRS claims that the tax debt is non-dischargeable because plaintiff did not sign and file tax returns for the years in question. IRS submits computer-generated forms from the IRS records showing that no tax returns were recorded as filed by plaintiff for the years in question and that substitute tax returns were filed by IRS for plaintiff which do not meet the statutory requirements of "filing" for dischargeability in bankruptcy proceedings.

Plaintiff alleges that he did sign and file tax returns for the disputed years but that IRS seized all of plaintiff's tax records and filed tax returns for those years during a criminal investigation in 1984. Plaintiff further alleges that while no criminal charges were filed, those documents were never returned. To substantiate his claims, plaintiff submits his own affidavit and an affidavit from his attorney in the 1984 proceedings.

IRS does not dispute this claim, but alleges that the burden of proving that the returns were filed and, therefore, dischargeable under 11 U.S.C. § 523, remains with plaintiff.

## Standard of Review

The bankruptcy court makes initial findings of fact and conclusions of law. If the bankruptcy court makes findings of fact the district court, on appeal, is bound by the those findings of fact unless they are clearly erroneous. Fed.R.Bankr.P. 8013. The district court, however, reviews the bankruptcy court's conclusions of law *de novo*. *In re Howard P. Batie*, 995 F.2d 85, 88 (6th Cir. 1993). If there are mixed issues of law and fact, the reviewing court must consider the issues separately and apply the appropriate standard of review to each issue. *Id.* at 88.

The standard of review for a bankruptcy court's grant of summary judgment is generally *de novo*. *In Re Batie*, 995 F.2d 85 (6th Cir.1993). The clearly erroneous standard, however, applies to matters within the bankruptcy court's discretionary powers. *In the Matter of New Center Hospital*, 187 B.R. 560, 565 (E.D.Mich.1995). The clearly erroneous standard has been interpreted to mean that the reviewing court has a "definite and firm conviction that a mistake has been made," not only that a different result could have been reached. *United States v. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948).

This is an appeal of a judgment granting summary judgment to plaintiff. Normally, a court's granting of summary judgment is reviewed *de novo*. In granting summary judgment to plaintiff, however, the bankruptcy court invoked the broad equitable powers granted it under 11 U.S.C. § 105(a), and its decision, therefore, should be reviewed under the clearly erroneous standard.

## Discussion

■ It is well settled that summary judgment should not be granted where material issues of fact exist. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A material fact is one whose resolution will ultimately effect the determination of the case. *Id.* at 248, 106 S.Ct. 2505.

Here, there is a dispute about the filing of tax returns. Plaintiff claims he did timely file under the statute. IRS claims there is no record of a filing as required by the statute for dischargeability.

■ Affidavits submitted by both parties are sufficient for summary judgment if they show affiant's personal knowledge of specific facts. Fed.R.Bankr.P. 7056. In this case, plaintiff submitted an affidavit of former counsel who attests to having seen plaintiff's IRS returns in court in 1984. IRS submitted government documentation that establishes by government record that no such returns were filed. Both proofs are sufficient for summary judgment.

■ A genuine issue of material fact exists when the evidence is such that a reasonable jury could differ. *Id.* at 248, 106 S.Ct. 2505. A movant must demonstrate all elements of the cause of action. *R.E. Cruise,*

*Inc. v. Bruggeman,* 508 F.2d 415, 416 (6th Cir.1975). Here, the parties set out specific facts showing there is a genuine issue for trial. A reasonable jury could find for either plaintiff or defendant. Therefore, as a matter of law, summary judgment should not have been granted.

### Equitable Estoppel

Equitable estoppel is an equitable doctrine invoked to avoid injustice in particular cases. *Heckler v. Community Health Services of Crawford County, Inc.,* 467 U.S. 51, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984). Equitable estoppel is triggered by conduct of one person inconsistent with a position later adopted by him which is prejudicial to the rights of another who detrimentally relied upon such prior conduct. *Id.* at 59, 104 S.Ct. 2218. To invoke equitable estoppel, two elements must be shown: 1) reasonable reliance and 2) detriment. *Id.* at 59, 104 S.Ct. 2218.

A hallmark of the doctrine is its flexible application. *Id.* However, equitable estoppel against a government entity is not easily shown. *In re Hahn v. United States,* 1996 WL 303296, *3 (Bankr.N.D.Ohio 1996). The government interest in being free to pursue the public interest must be weighed against the private interest of citizens to maintain some level of decency, honor and reliability in their dealings with the government. *Heckler,* 467 U.S. at 61, 104 S.Ct. 2218.

Pursuant to 28 U.S.C. § 157, the determination of dischargeability of debts is a core proceeding. Congress's intention was to reserve dischargeability questions exclusively for the bankruptcy court. *Brown v. Felsen,* 442 U.S. 127, 136–37, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). Here, plaintiff reasonably relied on the determination of the bankruptcy court in the dischargeability of his tax debts for 1981 through 1992.

The bankruptcy code embodies a general "fresh start" policy. *Grogan v. Garner,* 498 U.S. 279, 283, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). The purpose of the Code is to allow honest but insolvent debtors an opportunity to reorder their affairs, make peace with their creditors, and start anew.

*Id.* at 286, 111 S.Ct. 654. The IRS Code includes the conflicting objective of collecting all taxes which are not dischargeable. In the current case, IRS seeks collection of taxes which may not be dischargeable.

However, the bankruptcy court, after considering all of the evidence, exhibits, and arguments of counsel, ruled on the basis of equitable estoppel that plaintiff's tax obligations for years 1980 through 1983 are discharged.

Here, as an evidentiary matter, the tax returns are impossible to produce. The returns, if they were ever available, are no longer in existence. Indeed, if the tax records once existed, plaintiff had no obligation to keep them once the debts thereunder were discharged. If the bankruptcy court were to now require plaintiff to produce the tax returns, plaintiff would have reasonably relied on the dischargeability of his tax debts to his detriment. On the basis of equitable estoppel, the government cannot now ask plaintiff to produce these returns.

The bankruptcy court had evidence before it at the time of its order which was sufficient to determine that plaintiff's tax documents had been in the possession of the IRS. Importantly, when the summary judgment motions were before the bankruptcy court, IRS did not dispute having taken plaintiff's tax documents. Therefore, nothing in the records indicates that the bankruptcy court was clearly erroneous in granting summary judgment for the plaintiff on the basis of equitable estoppel. The mere fact that this court might have decided differently is insufficient to reverse the bankruptcy court's discretionary decision.

For the foregoing reasons, it is hereby

**ORDERED THAT** the decision of the bankruptcy court be, and same hereby is, affirmed.

**So ordered.**