In re Howard P. BATIE, Debtor.

INVESTORS CREDIT CORPORATION,
Plaintiff–Appellee,

v.

Howard P. BATIE, Defendant–Appellant.

No. 92–6037.

United States Court of Appeals,
Sixth Circuit.

Argued May 3, 1993.

Decided June 2, 1993.

Thomas Dundon, John A. Coates (argued and briefed), Neal & Harwell, Nashville, TN, for plaintiff-appellee.

G. Rhea Bucy (briefed), Wayne L. Robbins, Jr. (argued and briefed), Gullett, Sanford, Robinson & Martin, Nashville, TN, for defendant-appellant.

Before: MARTIN and BOGGS, Circuit Judges; and SPIEGEL, District Judge.*

* The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation.

BOYCE F. MARTIN, Jr., Circuit Judge.

In a bankruptcy adversary proceeding, the bankruptcy court for the Middle District of Tennessee held that Howard Batie used a materially false financial statement to secure a loan to purchase an airplane. The bankruptcy court, the district court, and we all agree that, because he deceived the lender in using this statement, his indebtedness to Investors Credit Corporation is nondischargeable. We find his argument that Investors Credit knew or should have known that the statements overstated his financial worth but accepted them anyway to be without merit.

In 1985, Batie and Extended Warranties, Inc., a corporation wholly owned by Batie, purchased a Boeing 727 aircraft from Investors Credit. As a condition of the sale, Investors Credit required Batie and Extended Warranties to warrant that they each had a net worth of at least two million dollars. At the sale closing, Batie proffered accounting statements purporting that he and Extended Warranty each had a minimum net worth of two million dollars. One of those statements was a joint financial statement which showed that Batie and his wife possessed assets in excess of two million dollars. In fact, neither Batie nor Extended Warranty had a net worth of two million dollars, and Batie knew at the time that he proffered the accounting statements that neither he nor Extended Warranty had a net worth of two million dollars. Batie and Extended Warranty eventually defaulted on the loan.

On December 20, 1989, Investors Credit obtained in the United States District Court for the Middle District of Tennessee a judgment in the amount of $1,048,939 against Batie, following a jury verdict, for fraud and breach of contract. Batie filed a petition in bankruptcy on May 21, 1990 under chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101, et seq. Investors Credit filed an adversary proceeding in Batie's bankruptcy case, arguing that Batie's debt to Investors Credit was non-dischargeable in bankruptcy under 11 U.S.C. § 523(a)(2)(B).

Investors Credit subsequently filed a motion for summary judgment, arguing that Batie was collaterally estopped by the jury verdict to contest whether the elements of section 523(a)(2)(B) had been met. The bankruptcy court partially granted Investors Credit's motion, reserving only the question of whether Batie had possessed the requisite "intent to deceive" under section 523(a)(2)(B)(iv) which would prevent his debt from being dischargeable. Following further briefing and argument, the bankruptcy court granted Investors Credit's entire motion for summary judgment and held that Batie's entire debt to Investors Credit was non-dischargeable. The district court upheld the decision of the bankruptcy court. Batie appealed the district court's decision to this court, and we have appellate jurisdiction pursuant to 28 U.S.C. § 158 (1993).

When we review bankruptcy decisions, our standard of review is slightly different from our normal standard of review because district courts are not the triers of fact of bankruptcy cases. The bankruptcy court makes initial findings of fact and conclusions of law. If its decision is appealed to the district court, the district court is bound by the bankruptcy court's findings of fact unless they are clearly erroneous. Bankruptcy Rule 8013. The district court reviews the bankruptcy court's legal conclusions de novo. If the district court's decision is appealed to this court, then we review the district court's conclusions of law de novo. However, because we are in the same position as the district courts to review the factual findings of the bankruptcy courts, we will not follow the bankruptcy court's factual findings if we consider them to be clearly erroneous. In re Barrett, 964 F.2d 588, 591 (6th Cir.1992). In making this judgment, we do not review the district court's assessment of the bankruptcy court's factual findings. Also, if a question is a mixed question of law and fact, then we must break it down into its constituent parts and apply the appropriate standard of review for each part. See In re Brown, 951 F.2d 564, 567 (3d Cir.1991). Regarding this case, the bankruptcy court's decision to grant summary judgment is purely a question of law. Martin v. Ohio Turnpike Comm'n, 968 F.2d 606, 609 (6th Cir.1992). Therefore, under our standard of review of district court bankruptcy decisions, the dis-

trict court reviews the bankruptcy court's grant of summary judgment *de novo,* and we review the district court's review of that decision *de novo.*

The applicable statute for this case is 11 U.S.C. § 523(a), which provides:

A discharge under section ... 1141 ... does not discharge an individual debtor from any debt—

. . . . .

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

. . . . .

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive;....

■ Batie would normally be entitled under the bankruptcy act to a hearing on whether Investors Credit relied upon the financial statements given to them at the closing of the loan when he purchased the aircraft and on whether he intended to deceive Investors Credit had he not already lost his fraud trial in federal district court. Now quite correctly and candidly he admits that he is collaterally estopped from litigating subsections (i) and (iii) of section 523(a)(2)(B) because the elements of those subsections were determined by the jury in the preceding fraud case. Therefore, the only questions on appeal are whether subsections (ii) and (iv) of section 523(a)(2)(B) have been met.

Having conceded that he is estopped from litigating the applicability of subsections (i) and (iii), Batie now must turn to a procedural argument to challenge the decision of the bankruptcy court. In essence, Batie argues that from a fairness and equitable posture Investors Credit has not proven the elements necessary to deny dischargeability of his debt to Investors Credit. However, what we are

dealing with in this case is the purpose of the bankruptcy act, which is to help *honest* debtors. *See In re Arango,* 992 F.2d 611 (6th Cir.1993). Batie acknowledges that the statements were his and they were delivered to the lender at the closing. Certainly it does not take a hearing to determine that because of the civil judgment in the Tennessee Court he is foreclosed from this argument. The only question left, then, is whether Investors Credit established a right to summary judgment under section 523(a)(2)(B)(ii) and (iv) as respects Batie's financial condition and that there was an intent to deceive.

■ The exhibits attached to Investors Credit's motion for summary judgment establish that the statements submitted by Batie attested that he and Extended Warranties each had a net worth of at least two million dollars. Under Bankruptcy Rule 7056, which incorporates Rule 56 of the Federal Rules of Civil Procedure into bankruptcy adversary proceedings, documents such as these, if they are not part of the "pleadings, depositions, answers to interrogatories, and. admissions on file," can only enter the record as attachments to an appropriate affidavit to constitute a basis for summary judgment. *See* Fed.R.Civ.P. 56(e) ("Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."). Therefore, the bankruptcy court should not have relied on the statements attached to Investors Credit's motion for summary judgment if they did not comply with Bankruptcy Rule 7056. Batie, however, did not object in the bankruptcy court to the manner in which his prior financial statements were presented to the bankruptcy judge; therefore, any objection he may have to the manner that his prior statements entered the record is not reviewable on appeal.

■ Leaving aside the manner in which the financial documents entered the record, no genuine issue of material fact exists regarding whether Batie submitted a statement in writing respecting his or an insider's financial condition. The financial statements submitted by Batie at the closing certainly con-

stitute "statement[s] in writing respecting the debtor's or an insider's financial condition" under section 523(a)(2)(B) because Batie submitted written statements at the closing which plainly showed his net worth and Extended Warranties' net worth to be more than two million dollars. The fact that Batie submitted financial statements in conjunction with his wife regarding their net worth does not take Batie out of the ambit of subsection (ii). Many debtors give joint financial statements listing the assets of both spouses, and section 523(a)(2)(B)(ii) applies to those statements as well as to financial statements regarding only one spouse.

Batie argues that he was not given sufficient notice that the bankruptcy court might grant summary judgment regarding section 523(a)(2)(B)(ii). This argument also must fail because Batie did have sufficient notice that the statements he signed at the closing were part of Investors Credit's motion for summary judgment. Investors Credit argued in its motion for summary judgment that its prior judgment collaterally estopped Batie from denying the nondischargeability of Batie's debt. Investors Credit attached exhibits of Batie's financial statements from the first trial to support its motion for summary judgment. In deciding Investors Credit's motion for summary judgment, the bankruptcy court necessarily had to examine the statements that Batie submitted to Investors Credit to determine whether Batie was collaterally estopped from litigating section 523(a)(2)(B). Therefore, Batie was put on notice that the statements he made to Investors Credit were the basis of Investors Credit's motion for summary judgment. Under Bankruptcy Rule 7056, as well as Rule 56(c) of the Federal Rules of Civil Procedure, so long as an appropriate time for discovery has passed, summary judgment "shall be rendered forthwith" as soon as it is apparent that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Significantly, neither Bankruptcy Rule 7056 nor Rule 56 of the Federal Rules of Civil Procedure adds or implies that summary judgment is appropriate only based upon the theory for summary judgment advanced by the moving party. Instead, the rule simply requires summary judgment as soon as no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.

No genuine issue of material fact exists regarding whether Batie had a sufficient "intent to deceive" under section 523(a)(2)(B)(iv). Batie argues that he did not intend to deceive Investors Credit by submitting false financial statements at the closing. He argues that he thought submitting the statements was a mere formality and that Investors Credit would not rely on his financial statements. If we interpreted "intent to deceive" in subsection (iv) to include only a purely subjective intent to have another person rely on false financial statements, then summary judgment would not be appropriate in this case. In this circuit, however, section 523(a)(2)(B)(iv) is met if a debtor is reckless when submitting financial statements that he knows are not true, not only if the debtor possesses a subjective intent to deceive. As we said in *In re Martin*, 761 F.2d 1163, 1167 (1985), "[F]ull discharge may be disallowed if the debtor either intended the statement to be false, or the statement was grossly reckless as to its truth." The bankruptcy court and the district court agreed that Batie recklessly submitted and signed documents regarding his net worth which he knew were not true. The bankruptcy court determined that even if Batie did not intend for Investors Credit to rely on his financial statements, no rational jury could find that he did not recklessly submit financial statements which he knew were false. We agree, and under *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986), this is a sufficient basis upon which to grant summary judgment.

The decision of the district court affirming the judgment of the bankruptcy court is affirmed.