83 F.3d 422
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Richard J. GETTY, Debtor.
Richard J. GETTY, Appellant,
v.
Steve HAVRILESKO, Appellee.
 No. 95-5555.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1996.
 
 Before: MERRITT, Chief Judge; MILBURN, Circuit Judge; and ZATKOFF,* District Judge.
 PER CURIAM.
 
 
 1
 Defendant Richard J. Getty appeals the district court's judgment affirming the bankruptcy court's determination that a $50,000 debt owed by defendant to plaintiff Steve Havrilesko was nondischargeable under 11 U.S.C. § 523(a). On appeal, the issues are (1) whether the bankruptcy court's judgment was supported by findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure ("Fed.R.Bankr.P.") 7052 and (2) whether the bankruptcy court erred in holding that defendant misappropriated the entire sum of money that plaintiff loaned him for use in a specific business venture and therefore was not entitled to an offset for sums allegedly spent in furtherance of the venture. For the reasons that follow, the judgment of the district court is affirmed.
 
 I.
 
 2
 On October 27, 1992, defendant Getty filed for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., 11 U.S.C. § 1101 et seq., and scheduled a debt to plaintiff Havrilesko for discharge. On December 16, 1992, plaintiff Havrilesko filed an action against Getty seeking to except Getty's debt to Havrilesko from discharge. Havrilesko's complaint alleged that Getty made false and fraudulent representations to obtain monies from Havrilesko and to induce him to enter into various transactions. Havrilesko's complaint detailed three specific instances. First, Havrilesko alleged that "Getty and two co-conspirators fraudulently induced [him] to pay $60,000 for the purchase of the Westside Cafe on behalf of Getty and two co-conspirators." J.A.4. Second, Havrilesko alleged that Getty induced Havrilesko to join him as a one-third partner in the purchase of an oil terminal facility. Havrilesko in turn paid Getty $50,000, which he maintains that "Getty converted ... to his own personal use and benefit." J.A.5. Third, Havrilesko complained that Getty "again contacted [him] and fraudulently represented that an additional $75,000 was needed by Getty" for the "purchase of Havrilesko's interest in the oil terminal facility." J.A.5.
 
 
 3
 Havrilesko withdrew the first allegation prior to the trial. Subsequently, the bankruptcy court dismissed the third allegation. Therefore, at the trial before the bankruptcy court on October 28, 1993, the only issue was Havrilesko's second allegation that Getty converted the $50,000 for his own use. On December 8, 1993, the bankruptcy court entered a judgment for plaintiff Havrilesko. It ruled that defendant Getty did not obtain the money by false or fraudulent representations but that he did misappropriate money that he had received for a specific purpose. The court therefore ruled that Getty's $50,000 debt to Havrilesko was nondischargeable.
 
 
 4
 On December 17, 1993, Getty appealed the bankruptcy court's judgment to the district court. He argued that the bankruptcy court failed to make the findings of fact and conclusions of law required by Fed.R.Bankr.Proc. 7052. He also argued that only $29,000 of his $50,000 debt to Havrilesko should be held nondischargeable, because $21,000 of the $50,000 was not converted to his personal use but rather went directly to the oil terminal investment. The district court affirmed the bankruptcy court's judgment, holding that the bankruptcy court's findings of fact were sufficient and that the bankruptcy court's finding that Getty misappropriated the entire $50,000 was not clearly erroneous. This timely appeal followed.
 
 II.
 
 5
 Defendant Getty appeals the district court's judgment in favor of plaintiff. This court makes an independent review of the bankruptcy court's decision. Ciba-Geigy Corp. v. Flo-Lizer, Inc. (In re Flo-Lizer, Inc.), 946 F.2d 1237, 1240 (6th Cir.1991). We review the bankruptcy court's findings of fact under the clearly erroneous standard and the bankruptcy court's conclusions of law under the de novo standard. Millers Cove Energy Co. v. Moore (In re Millers Cove Energy Co.), 62 F.3d 155, 157 (6th Cir.1995) (per curiam).
 
 A.
 
 6
 Defendant challenges the bankruptcy court's judgment on two grounds. First, he argues that the bankruptcy court failed to enter specific findings of fact and conclusions of law, and therefore, the case should be remanded. He maintains that
 
 
 7
 the Court merely stated that the Court had considered the evidence as well as the exhibits presented by both parties[,] ... that Paragraphs 5(a) and 5(c) in the adversary complaint were dismissed by agreement of both parties; ... and that the sum of $50,000 plus interest costs and attorneys fees were to be held nondischargeable.
 
 
 8
 Brief of Defendant at 5-6.
 
 
 9
 Federal Rule of Bankruptcy Procedure 7052, which incorporates Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 52, states in relevant part:
 
 
 10
 In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon.... It will be sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following the close of the evidence or appear in an opinion or memorandum of decision filed by the court.
 
 
 11
 Fed.R.Bank.P. 7052 (emphasis added). It is true that no findings of fact were included in the bankruptcy court's judgment. However, at the close of the trial on October 28, 1993, the bankruptcy court, orally and in open court, issued its findings of fact and conclusions of law on the record. J.A.27-29. It stated that it did not "believe [Getty's] testimony" and that Getty "obviously misappropriated this money that was given to him by Mr. Havrilesko for a specific purpose." J.A.28. In addition, the bankruptcy court specifically discussed the dates on which Getty took certain actions to support its conclusion that Getty knowingly misappropriated Havrilesko's money. J.A.28. Therefore, we conclude that the bankruptcy court's oral findings of fact and conclusions of law were sufficient to satisfy the requirements of Fed.R.Bankr.P. 7052.
 
 B.
 
 12
 Second, defendant Getty argues that he presented evidence sufficient to prove that he actually spent $21,000 of the $50,000 that Havrilesko loaned him on the oil terminal investment. He claims to have paid $10,000 as a deposit, $10,000 for services, and $1,000 as a retainer on an appraisal. Therefore, Getty argues that he should only be required to reimburse Havrilesko for the $29,000 that he admits that he retained for his personal use.
 
 
 13
 When presented with the same evidence, the bankruptcy court held that Getty misappropriated the entire $50,000, stating repeatedly that it did not believe Getty's trial testimony. We follow a bankruptcy court's factual findings unless we find them to be clearly erroneous. Investors Credit Corp. v. Batie (In re Batie), 995 F.2d 85, 88 (6th Cir.1993). Furthermore, Fed.R.Bankr.P. 7052, which incorporates Fed.R.Civ.P. 52, dictates that "due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." See Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 575 (1985). Because they are based on a credibility determination, we must view the bankruptcy court's factual findings with even greater deference. We find no basis on which we can determine that the bankruptcy court's finding that defendant misappropriated the entire $50,000 was clearly erroneous.
 
 III.
 
 14
 For the reasons stated, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation