**Marvin I. WOLF, Individually and as Trustee of the Samuel Wolf Trust and Augusta Wolf, Plaintiffs–Appellants,**

v.

**Gary Oliver CAMPBELL, Defendant–Appellee.**

No. 96–73219.

United States District Court, E.D. Michigan, Southern Division.

April 1, 1997.

---

Dennis Watson, David M. Fried, Bingham Farms, MI, for plaintiffs–appellants.

Paul H. Steinberg, Southfield, MI, for defendant–appellant.

## MEMORANDUM AND ORDER

COHN, District Judge.

### I.

This is a bankruptcy appeal and cross-appeal. Plaintiffs-appellants Marvin I. Wolf, Augusta Wolf, and the Samuel Wolf Trust (collectively "Wolf") appeal the bankruptcy court's decision that a debt owing to them by defendant-appellee Gary Oliver Campbell (Campbell) is dischargeable. Campbell in turn appeals the bankruptcy court's determination that: (1) forbearance of a debt constitutes an extension of credit; (2) Campbell's financial statements were materially false; and (3) Wolf relied on the financial statements.

---

1. 11 U.S.C. § 523(a)(2)(B) reads:
   (a) A discharge ... of this title does not discharge an individual debtor from any debt...
      (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by...
         (B) use of a statement in writing-
            (i) that is materially false;

With regard to the decision on dischargeability, the bankruptcy court, while finding the stated elements of 11 U.S.C. § 523(a)(2)(B),[1] added, on the authority of *In re Siriani*, 967 F.2d 302 (9th Cir.1992), the requirement that damage proximately result from the misrepresentation. Since Wolf did not establish this element, Campbell's debt was discharged.

For the reasons that follow, the Court disagrees with the bankruptcy court on the proximate cause requirement and REVERSES the decision of the bankruptcy court as to the added element. The case is REMANDED to the bankruptcy court for entry of an order stating that Campbell's debt to Wolf is non-dischargeable. The Court AFFIRMS the decision of the bankruptcy court on the cross-appeal.

### II.

The Court has jurisdiction to hear the appeal and cross-appeal. 28 U.S.C. § 158(a). The Court is bound by the findings of fact of the bankruptcy court unless it finds them clearly erroneous, and reviews the bankruptcy court's legal conclusions *de novo*. *In re Batie*, 995 F.2d 85, 88 (6th Cir.1993).

The Court does not find clearly erroneous the bankruptcy court's findings of fact, as set out at length in its Opinion Finding Defendant's Debt Dischargeable (Opinion), filed July 3, 1996. Likewise the does not disagree with the bankruptcy court's conclusions of law regarding the cross-appealed determinations, as set out at length in the Opinion.

The determinative issue on appeal is the bankruptcy court's decision that 11 U.S.C. § 523(a)(2)(B) has a proximate cause requirement not expressly stated in the statute.

### III.

#### A.

The facts of the wolf-Campbell relationship are fully described in the Opinion and need

---

(ii) respecting the debtor's or an insider's financial condition;
(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
(iv) that the debtor caused to be made or published with intent to deceive....
*Id.*

not be related here. Essentially, Campbell owed money on a stock purchase to Wolf. As part of the restructuring of the debt because Campbell could not pay it at maturity, Campbell submitted false financial statements to obtain Wolf's consent. Campbell did not pay the restructured debt, and in his bankruptcy that followed, Wolf objected to discharge of the debt that Campbell owed. In holding the debt discharged, the bankruptcy court said:

> [I]n order to recover under section 523(a)(2)(B), there must be a showing that there was a valuable collection remedy at the time of the extension of credit. With respect to the damages issue, the Court adopts the holding and reasoning of *In re Siriani*, 967 F.2d at 305, 306. . . .

The bankruptcy court went on to quote the holding of the case that the creditor must show he had "valuable collection remedies at the time of renewal, and that such remedies lost value during the renewal period." *Siriani*, 967 F.2d at 306.

The bankruptcy court then said:

> One cannot read the indicated evidence as sufficient to prove that the Plaintiffs['] situation had materially adversely changed as of August 1993. Therefore, at least as the Court views the record before it, either the financial situation did not appreciably change during the forbearance period or, if it did, and did so adversely, it was in a context where at the beginning of the period the Plaintiffs' prospects for any material realization were small or non-existent.

In common parlance, the bankruptcy court said that Campbell was broke when he made financial misrepresentations to Wolf, and therefore since Wolf lost nothing by the misrepresentation, Campbell is entitled to the discharge of his debt.

## B.

The bankruptcy court did not explain why *Siriani* was precedential authority in contrast to the abundant precedential authority holding that the proximate cause element is an impermissible addition to the statute. As the United States Court of Appeals for the First Circuit explained in *In re Goodrich*, 999 F.2d 22 (1st Cir.1993):

The difficulty is that including this further requirement of actual damage is a policy choice. There is no indication in the statutory language that Congress made such a choice, and the evidence from legislative history is inconclusive. The statute is quite detailed in its conditions for nondischargeability. Had Congress wished to add "damage" as an element, it could easily have done so, especially since some of the decisions favoring this. requirement were issued before the elaboration and reenactment of section 523(a)(2)(B) in 1978. *Id.* at 25; *see also In re Norris*, 70 F.3d 27, 29–30 n. 6 (5th Cir.1995); *In re Gerlach*, 897 F.2d 1048, 1051 (10th Cir.1990).

Little more need be said. The Court is not disposed to engage in a statutory exegesis focusing on the words "for money, property, services, or an extension, renewal, or refinancing of credit, *to the extent obtained by*," 11 U.S.C. § 523(a) (emphasis added), as is reflected in some of the cases cited by Campbell.

■■■ While nondischargeability provisions are frequently construed in favor of debtors, 3 *Collier on Bankruptcy* ¶ 523.05A (15th ed.1993) (collecting cases), that policy is not to be advanced at the expense of defrauded creditors. *See Grogan v. Garner*, 498 U.S. 279, 286–87, 111 S.Ct. 654, 659–60, 112 L.Ed.2d 755 (1991). The Court is satisfied that what is involved is no more than a policy choice. In light of the clear language of the statute, in which Congress set forth a set of four discrete elements, the Court finds that a creditor need do no more than satisfy those elements to obtain a non-discharged judgment.

Discharge of debts is for honest debtors. That a debtor does not profit by a misdeed is no occasion to ignore the misdeed. *See Batie*, 995 F.2d at 89 ("[T]he purpose of the bankruptcy act . . . is to help honest debtors.").

SO ORDERED.