**In re Mark Randall FASICK and Susan Claire Fasick, Debtors.**

**Thomas R. Tibble, Trustee, Plaintiff/Appellee,**

v.

**Huntington National Bank, Successor in Interest to FMB–First Michigan Bank, Defendant/Appellant.**

No. 1:99–CV–74.

Adversary No. 98–88179.

United States District Court, W.D. Michigan, Southern Division.

May 5, 1999.

---

Ronald J. VanderVeen, Cunningham Dalman, PC, Holland, MI, for Huntington Bank, Successor In Interest to FMB–First Michigan Bank fka First Michigan Bank (FMB), appellant.

Thomas C. Richardson, Deming, Hughey, Chapman, Richardson, PC, Kalamazoo, MI, Office of the U.S. Trustee, Grand Rapids, for Thomas R. Tibble, Trustee, appellees.

Thomas C. Richardson, Deming, Hughey, Chapman, Richardson, PC, Kalamazoo, MI, for Debtors.

## OPINION

BELL, District Judge.

Defendant/Appellant Huntington National Bank, successor in interest to FMB–First Michigan Bank ("FMB") appeals the Bankruptcy Court's November 30, 1998, order granting the Trustee's motion for summary judgment. The bankruptcy court held that FMB's security interest in the Debtor's semi-tractor truck was subordinated to the rights of the Trustee and avoided in accordance with 11 U.S.C. § 544(a)(1).

### I.

The property at issue in this case is a 1989 Peterbuilt Tractor, VIN 1XP5DB9X2KN277825 (the "Tractor"). The Tractor was previously owned by Patricia Beebe, a resident of Indiana. Beebe had granted a lien to FMB which was recorded on her Indiana title. In September 1997 Beebe sold the Tractor to Debtor Mark Randall Fasick. Beebe signed the title as Seller. Fasick received financing through FMB and granted FMB a security interest in the Tractor to secure the "indebtedness." FMB signed the "LIEN RELEASES" portion of Beebe's title and stamped its name on the "PURCHASER'S INFORMATION" portion of Beebe's title as the new lienholder. Fasick never surrendered the Indiana title to the Michigan Secretary of State or the Indiana Bureau of Motor Vehicles, and was never issued a Certificate of Title to the Tractor.

Fasick filed a Chapter 7 bankruptcy proceeding on November 17, 1997. He surrendered the Indiana title to the Tractor to the Trustee at the 341 meeting. The Trustee initiated an adversary proceeding in accordance with 11 U.S.C. § 544(a) seeking to avoid FMB's lien on the Tractor. The parties filed cross-motions for summary judgment and the bankruptcy court entered summary judgment in favor of the Trustee. FMB filed this appeal.

## II.

■ This Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a) which permits district courts of the United States to hear appeals from the bankruptcy courts of final judgments, orders and decrees. This Court is bound by the clearly erroneous standard of review for factual determinations and the *de novo* standard of review for legal determinations. *In re Caldwell,* 851 F.2d 852, 857 (6th Cir.1988). The bankruptcy court's decision to grant summary judgment in this case is purely a question of law. *In re Batie,* 995 F.2d 85, 88 (6th Cir.1993); *Martin v. Ohio Turnpike Comm'n,* 968 F.2d 606, 609 (6th Cir.1992), *cert. denied,* 506 U.S. 1054, 113 S.Ct. 979, 122 L.Ed.2d 133 (1993). Accordingly, this Court will review the bankruptcy court's decision under the *de novo* standard of review.

## III.

Section 544(a) of the Bankruptcy Code, the "strong arm" provision, enables the Trustee to step into the shoes of the hypothetical lien creditor and to avoid any unperfected security interests. 11 U.S.C. § 544(a).

■ The avoidability of FMB's lien on the Tractor in this case depends on whether FMB's lien was perfected. This is a matter of state law. FMB is asserting an interest in a Tractor purchased by a Michigan resident. At the time of the purchase, however, the Tractor was titled in Indiana. The Uniform Commercial Code guides the Court on choice of law in multiple state transactions.

[P]erfection and the effect of perfection or nonperfection of the security interest are governed by the law (including the conflict of laws rules) of the jurisdiction issuing the certificate until 4 months after the goods are removed from that jurisdiction and thereafter until the goods are registered in another jurisdiction, but in any event not beyond surrender of the certificate.

M.C.L.A. § 440.9103(2)(b).

■ Under the Bankruptcy Code, the rights of the parties are fixed as of the bankruptcy petition date. *In re Wickstrom,* 113 B.R. 339, 343 (Bankr.W.D.Mich. 1990). In this case, as of the bankruptcy petition date, the Tractor had not been registered by the Debtor in Michigan or anywhere else. Accordingly, the law of Indiana, the jurisdiction issuing the last certificate of title, applies to the issue of perfection or nonperfection.

■ Under Indiana law, property subject to the Indiana Motor Vehicle Code "can be perfected only by compliance therewith." Ind.Code § 26–1–9–302(4)(emphasis added). The Indiana Motor Vehicle Code requires that an application for a certificate of title include a statement of any lien or encumbrance on the vehicle. Ind.Code § 9–17–2–2(2). "The proper perfection of a lien upon a motor vehicle requires the notation of the lienholder's interest on the certificate of title. Furthermore, this notation must be made by the BMV [Bureau of Motor Vehicles]." *Warsco v. Ford Motor Credit Co. (In re Zank),* Bankr. No. 93–10160, Adv. No. 93–1130, 1994 WL 236196 at *1 (Bankr. N.D.Ind. May 10, 1994) (citations omitted). In this case the interest of FMB was noted on the seller's certificate of title, but it was never registered with the BMV, and no notation of FMB's lien on the Debtor's Tractor was made by the BMV. Under Indiana law "[a] mere notation upon the title without registering with the Bureau of Motor Vehicles is insufficient to perfect a security interest." *United Leaseshares, Inc. v. Citizens Bank & Trust Co.,* 470 N.E.2d 1383, 1389–90 (Ind.App.1984).

It is clear, under the facts of this case, that FMB failed to perfect its security interest under Indiana law.

FMB argues, nevertheless, that in accordance with *In re Paige,* 679 F.2d 601, 603 (6th Cir.1982), and *In re Skyland,* 28

B.R. 354, 356 (Bankr.W.D.Mich.1983), this Court should take a liberal approach to the recording requirement of security interests under the UCC and focus on whether the certificate of title or a search of the BMV's records would put a potential creditor on "notice" of prior security interests. FMB contends that under such a liberal approach, there is no question that a potential creditor would be put on notice of FMB's lien, both because of the notation on the purchaser's section of the seller's title and because a search through the BMV files would reflect FMB's lien on Beebe's title.

*Paige* and *Skyland*, however, should not be read as an invitation to ignore applicable state laws regarding the perfection of motor vehicle liens. In *Paige* the Sixth Circuit held that where an Illinois certificate of title is issued with the lien noted, there is proper perfection in accordance with UCC 9–304(4) even though the owner resided in Michigan and his chief place of business was located in Michigan. The Court held that Michigan registration of the vehicle was not required for perfection of the lien. There was no question in *Paige* that the lien had been properly recorded under a state's motor vehicle code. The only issue for the *Paige* court was whether, under the UCC, the vehicle was registered in the proper state.

In contrast to the circumstances in *Paige*, in this case the FMB lien was not properly recorded in any state. The Debtor did not ever apply for a new title in his name. All he had was the seller's (Beebe's) title. Beebe's title ceased to be valid when Beebe sold the vehicle to the Debtor. "A certificate of title is valid for as long as the vehicle for which the certificate of title has been issued is owned or held by the person who originally held the certificate of title." Ind.Code § 9–17–3–1(1)(a). *See also In re Zank*, 1994 WL 236196 at *1 ("Because of the change of ownership the certificate of title issued to the previous owner became invalid, I.C. 9–17–3–1(a).").

FMB also contends that its notation as the new lienholder on Beebe's title and the reference to FMB's lien on Beebe's registration in the BMV files was sufficient under *Bruinsma v. Citizens Banking Corp. (In re Fleming)*, 226 B.R. 3 (Bankr. W.D.Mich. October 16, 1998)(Gregg, C.J.), to give adequate notice to any purchaser of FMB's interest in the Tractor.

The invalidity of the title on file in Indiana distinguishes this case from *Fleming*. In *Fleming* the Bank extinguished the Debtor's and her partner's joint obligation under a loan and substituted in lieu thereof the Debtor's sole obligation to repay the amount financed. *Id.* at 4. The Bank signed the release of lien on the joint title, and indicated its name in the purchaser's section as a new lienholder. *Id.* at 5. No application was made for a new title. The bankruptcy court determined that under Michigan law, a lender who refinances an automobile loan is not required to apply for a new title because the Michigan Vehicle Code implicitly continues the perfection of the prior security interest. *Id.* at 5. The bankruptcy court accordingly rejected the Trustee's argument that the Bank released, waived or otherwise forfeited its security interest by refinancing the April Loan, endorsing its name next to the phrase "Release of Lien" on the face of the title certificate, and failing to ensure that a new title application was delivered to the Michigan Secretary of State. *Id.* at 6. "The Trustee's argument, if accepted, would impose an unnecessary and onerous burden on the refinancing of automobile loans in Michigan, a burden which neither the Michigan Vehicle Code nor its underlying policy require." *Id.* The title on file with the Secretary of State was still valid.

In contrast to the facts of *Fleming*, in this case there was no valid title on file at the BMV. Because FMB did not refinance the loan to Beebe, but instead entered into an entirely new debtor-creditor relationship with the Debtor, a new title application was required. The certificate of title

on file with the Indiana BMV was invalidated upon Beebe's sale of the Tractor to the Debtor. As of the date of Beebe's sale to the Debtor, the documents on file with the BMV ceased to put anyone on notice of FMB's lien.

FMB contends that even if there was no valid title on file at the BMV, there was, nevertheless, notice of its lien on the title itself. In *Fleming*, after noting the continued validity of the title on file with the Secretary of State, the court went on to state that:

> Moreover, although the Bank noted its supposed release of lien on the front of the original certificate of title, it also noted its new security interest on the reverse side. Thus, the certificate of title itself puts a prospective purchaser or lender on notice of the Bank's continuing security interest in the vehicle.

*Id.* at 7.

FMB suggests that such notice on the title is itself sufficient to give notice to a prospective purchaser of its lien, and accordingly is sufficient to make FMB a perfected lienholder. The Court disagrees. In *Fleming* the Bank was listed as a secured party both on the certificate of title and in the records of the Michigan Secretary of State. The court's decision upholding the Bank's lien was based primarily on the continued validity of the lien on file with the Secretary of State. This Court does not read the dicta in *Fleming* regarding the notice provided by the unfiled certificate of title to create a new rule that notation of a new lienholder on the seller's certificate of title is sufficient, in itself, to satisfy the statutory requirements for perfection of a security interest. Such a rule would ignore the clear statutory requirements for perfection of a title.

In fact, Judge Gregg's most recent opinion in *Boyd v. NBD Bank (In re Thomas)*, 231 B.R. 8 (1999), clarifies that notation of the new lienholder on the application for a new title is not sufficient to perfect the lender's security interest. In *Thomas*, at the time of the filing of the bankruptcy petition, the certificate of title listed NBD Bank as the secured party in the section entitled "NEW LIENHOLDER INFORMATION." The application for a new title, however, was never filed with the Secretary of State. Because perfection of a security interest in a motor vehicle is governed by Michigan's Vehicle Code, and because NBD had failed to perfect its security interest in the vehicle as of the date of the bankruptcy petition, the bankruptcy court held that the Trustee's rights in the vehicle were superior to NBD's security interest. *Id.* at 10.

Upon de novo review of the record and briefs, this Court is satisfied that the bankruptcy court properly determined that the interest of FMB in the Tractor was unperfected and was subject to avoidance under 11 U.S.C. § 544(a). Accordingly, the Court will affirm the November 30, 1998, order of the bankruptcy court.

An order consistent with this opinion will be entered.