In re: James David HOLLINGS-WORTH, Jr., Debtor,

Lexington Venture, Ltd; Charter Oak Venture, Ltd; Federal Deposit Insurance Corporation, successor to Resolution Trust Corporation, Appellees,

v.

James David Hollingsworth, Jr., Appellant.

No. 01–5616.

United States Court of Appeals, Sixth Circuit.

May 15, 2002.

Before SILER and CLAY, Circuit Judges; OBERDORFER, District Judge.*

## ORDER

Debtor, James David Hollingsworth, Jr., appeals a district court order affirming a final order of a bankruptcy court in an adversary proceeding. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The debtor was a limited partner in several limited partnerships including Lexington Venture, Ltd. ("Lexington") and Charter Oak Venture, Ltd. ("Charter Oak"). On July 2, 1992, the debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 et seq.

On April 30, 1993, the debtor and Resolution Trust Corporation ("RTC") entered into an agreement in which the debtor agreed to assignment of his limited partnership interest in Lexington to RTC in exchange for RTC's support of the debtor's proposed Plan of Reorganization. The agreement was signed by the debtor in his individual capacity and as the Trustee of Hollingsworth Investments, and Linda Hollingsworth, the debtor's ex-wife. The debtor's amended Chapter 11 Plan, dated

* The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

February 19, 1993, was confirmed by the bankruptcy court on June 10, 1993.

Pursuant to 12 U.S.C. § 1441a(m)(1), after the termination of RTC, the Federal Deposit Insurance Corporation ("FDIC") became its successor in its capacity as Receiver for Metropolitan Savings and Loan Association, F.A.

On February 5, 1999, Lexington and Charter Oak filed a complaint for interpleader and declaratory judgment pursuant to 11 U.S.C. § 542. Lexington and Charter Oak sought $94,000 and $35,800, respectively, which represents proceeds from the sale of the Limited Partnership interests. On February 9, 1999, the bankruptcy court ordered the Clerk to deposit the plaintiffs' checks in an interest bearing registry account at Capital City Bank.

On May 20, 1999, the debtor filed a motion for summary judgment against his ex-wife and the FDIC, to which both parties responded. On December 23, 1999, the bankruptcy court granted summary judgment to FDIC. The district court affirmed that decision. This appeal followed.

The bankruptcy court's decision to grant summary judgment is purely a question of law. *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 609 (6th Cir.1992). Therefore, under this court's standard of review of district court bankruptcy decisions, the district court reviews the bankruptcy court's grant of summary judgment de novo. We, in turn, review the district court's review of that decision de novo. *See Investors Credit Corp. v. Batie (In re Batie)*, 995 F.2d 85, 88–89 (6th Cir.1993).

Upon review, we conclude that summary judgment was proper as there is no genuine issue of material fact and RTC/FDIC was entitled to judgment as a matter of law. *See* Bankr.R. 7056. Sections 1143 and 347(b) of Title 11 of the Bankruptcy Code set in place a means for dealing with unclaimed property which does not allow for any alternative scheme. Section 1143 states that if some act is required in order to participate in distribution that act must be taken not later than five years from confirmation, or the affected entity may not participate. Section 347(b) then says that in a case under Chapter 11 the barred entity's share becomes the property of the debtor or of the entity which acquired the debtor's assets under the plan, "as the case may be."

Neither § 347(b) nor § 1143 is applicable in this case. Letters from FDIC's counsel to the debtor's counsel indicate that FDIC continued to request the assignment of the limited partnership interests from the debtor as late as 1996. However, the debtor continuously refused to execute a simple assignment and, instead, requested that FDIC become a substitute limited partner. It is apparent that FDIC never abandoned or "unclaimed" its security interest in the partnership interest as demonstrated by its continued request that the debtor comply with the Chapter 11 Plan.

The sale proceeds from the limited partnership interests in Lexington do not constitute "unclaimed property" within the context of § 347 because prior to June 10, 1998, FDIC had performed its obligations under the plan to the fullest extent possible, notwithstanding the debtor's failure to execute and deliver the assignment of the limited partnership interests. FDIC performed all of its contracted duties, except for executing a release which is conditioned on the debtor's execution of an assignment of the limited partnership interests. Furthermore, in *In re Goldblatt Bros.*, 132 B.R. 736, 741 (Bankr.N.D.Ill. 1991), the bankruptcy court stated that " § 1143 of the Code can not possibly be read to allow a debtor to receive a windfall for its own negligence in failing to diligently complete the distributions under the plan."

Finally, in the bankruptcy context, an order confirming a plan of reorganization constitutes a judgment and a final adjudication on the merits of a bankruptcy proceeding. *Stoll v. Gottlieb,* 305 U.S. 165, 169–171, 59 S.Ct. 134, 83 L.Ed. 104 (1938); *Still v. Rossville Bank (In re Chattanooga Wholesale Antiques, Inc.),* 930 F.2d 458, 463 (6th Cir.1991); 11 U.S.C. § 1141(a) (1988) (outlining preclusive effect of confirmed plan). An order confirming a plan of reorganization bars litigation of the claims raised in the bankruptcy proceedings and also bars any claims that could have been raised in the bankruptcy proceedings or the confirmation proceedings not expressly reserved in the plan of reorganization or the order confirming the plan of reorganization. *See id.; see also Sure–Snap Corp. v. State Street Bank & Trust Co.,* 948 F.2d 869, 872–73 (2d Cir.1991).

Here, the debtor failed to mention the existence of the Certificate and Agreement of the Limited Partnership of Lexington Venture, Ltd. during the confirmation of his Chapter 11 plan. The existence of this document was material, and would have affected the RTC/FDIC agreement to accept the assignment of the limited partnership interests. However, the order confirming the plan of reorganization bars the debtor's attempt to introduce this agreement now.

Accordingly, the district court's order affirming the judgment of the United States Bankruptcy Court which granted summary judgment for the plaintiffs is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.