In re: James A. WALLACE, Jr.; Judith A. Wallace, Debtors,

TVA Employees Credit Union, Appellant,

v.

James A. Wallace, Jr.; Judith A. Wallace, Appellees.

No. 01–5869.

United States Court of Appeals, Sixth Circuit.

Sept. 13, 2002.

Before SILER, DAUGHTREY, and GILMAN, Circuit Judges.

## ORDER

TVA Employees Credit Union ("the Credit Union"), appeals a district court order affirming a March 6, 2001, bankruptcy court order that denied the Credit Union's motion to dismiss the debtors' Chapter 13 case. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. See Fed. R.App. P. 34(a).

The debtors, James A. Wallace, Jr., and Judith A. Wallace, filed a Chapter 13 petition on July 10, 2000. The debtors scheduled a $4,860.00 claim owing to the Credit Union resulting from a note and security agreement dated May 11, 2000, through which the debtors borrowed $5,019.66. By the terms of the note and security agreement, the debtors granted the Credit Union a security interest in their 1996 Geo Metro. The Credit Union properly perfected its lien.

The debtors' Chapter 13 plan provides that the Credit Union debt will be paid outside the plan by the debtors' daughter, who was not a party to the original loan. The Credit Union agreed to its treatment under the plan, and the plan was confirmed on September 6, 2000, without objection.

Since confirmation, the Geo Metro experienced "major mechanical problems" and was wrecked. The Credit Union had not received a payment on its debt since September 18, 2000. Pursuant to an Agreed Order entered on November 1, 2000, the debtors surrendered the Geo Metro to the Credit Union, which then sold the car for $500.00. A balance of $4,401.22 remained on the debt, excluding interest and attorneys' fees.

Thereafter, the Credit Union filed a motion to dismiss the debtors' Chapter 13 case pursuant to 11 U.S.C. § 1329, asserting that a de facto modification of the debtors' Chapter 13 plan occurred. The bankruptcy court found insufficient cause for dismissal of the debtors' Chapter 13 case and denied the Credit Union's motion to dismiss. The. district court affirmed the bankruptcy court's decision. This appeal followed.

This court reviews directly a bankruptcy court's decision, not the district court's review of the bankruptcy court's decision. Trident Assocs. Ltd. P'ship v. Metro Life Ins. Co. (In re Trident Assocs. Ltd. P'ship), 52 F.3d 127, 130 (6th Cir.1995). This court reviews the bankruptcy court's findings of fact for clear error and its legal conclusions de novo. See Invs. Credit Corp. v. Batie (In re Batie), 995 F.2d 85, 88 (6th Cir.1993).

Whether the bankruptcy court erred when it refused to dismiss the debtors' Chapter 13 case is a question of law subject to de novo review, as all material facts in this case were stipulated pursuant to a written Stipulation of Facts filed by the parties. Thus, neither party challenges any factual findings of the bankruptcy court.

Upon review, we conclude that the bankruptcy court properly denied the Credit Union's motion to dismiss the debtors' Chapter 13 case for the reasons stated by that court in its well-reasoned opinion filed March 6, 2001. In this case, the Credit Union acquiesced in the Chapter 13 plan releasing the debtors' liability on the note. The Credit Union agreed to look to a third party for payment. "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a); see also Cline v.

*Welch (In re Welch)*, No. 97–5080, 1998 WL 773999, at *2 (6th Cir. Oct.11, 1998).

Moreover, creditors are bound by the terms of a confirmed plan unless the plan is abandoned by the debtor. *See In re Pearson*, 214 B.R. 156, 160 (Bankr. N.D.Ohio 1997). The "*de facto* modification" asserted by the Credit Union does not involve conduct of the debtors. Clearly, a third party has failed to comply with the plan's provisions. That third party's breach, however, cannot be considered a plan modification by the debtors where the Credit Union freely released the debtors from any further liability on this debt. Therefore, the bankruptcy court was correct in finding insufficient cause for dismissal of the debtors' case.

Accordingly, the district court's order affirming the bankruptcy court's decision is affirmed.