*25 John Francisco filed this adversary proceeding, seeking to pierce the corporate veil of the debtor (The Bowman Corporation) and to hold the debtor’s sole shareholder (Chester Bowman) generally accountable for all of the corporation’s debts, including a personal-injury claim brought by Francisco against The Bowman Corporation in state court. The bankruptcy court concluded that Francisco did not have standing to bring such a general veil-piercing action in view of the alleged absence of merit to his claim that The Bowman Corporation ought to answer for the injuries at the center of Francisco’s personal-injury claim. The district court affirmed. While we agree that Francisco lacks standing to bring this generic veil-piercing action, our reasoning goes not to the merits of the personal-injury action, on which we express no opinion, but to his failure to allege a sufficiently direct injury to pursue a general veil-piercing action against Bowman and The Bowman Corporation that would affect all creditors of the corporation. We therefore dismiss the action for lack of subject-matter jurisdiction and vacate the bankruptcy court and district court judgments, all without prejudice to Francisco now being permitted to continue to pursue his personal-injury action in state court, together with any veil-piercing claim he may be permitted to assert in the state court.
I.
On November 21, 1996, Jack Roberts assaulted John Francisco at Grady’s Restaurant in Cookeville, Tennessee. According to Francisco, Delain Roberts conspired with her husband, Jack, to “lure” Francisco into the restaurant so that Mr. Roberts could assault him on account of his friendship with Delain Roberts’ former live-in boyfriend.
After the assault, Francisco filed a personal-injury action against Jack and Delain Roberts and The Bowman Corporation— the owner of Grady’s Restaurant — in Tennessee state court. While the state-court lawsuit was pending, The Bowman Corporation filed a chapter 7 bankruptcy petition. In response, Francisco filed a $8 million claim against the debtor in the chapter 7 proceeding, alleging respondeat superior liability on the part of the debtor for the assault. Francisco also filed an adversary proceeding in the bankruptcy case seeking generally to pierce the corporate veil of the debtor corporation. Naming The Bowman Corporation and its sole shareholder, Chester Bowman, as defendants, Francisco alleged in the first count of the complaint that “Chester Bowman incorporated The Bowman Corporation solely to defraud creditors and shield himself from personal liability for its operation”; that “Chester Bowman exercises complete dominion and control over the corporation’s finances, policies and business practices”; that “The Bowman Corporation has no separate mind, will or existence of its own”; that “The Bowman Corporation was undercapitalized ..., remained insolvent throughout its operation[,] ... [and] owns no assets other than nominal inventory and a checking account initially funded by Chester Bowman”; and that “The Bowman Corporation [ ] has disregarded all corporate formalities [and] has never held any official directors or shareholders’ meetings or maintained minutes or records from any such meetings.” JA 06 — 07.
In the second count of the complaint, Francisco sought a declaration that his tort claims against the corporation were non-dischargeable under 11 U.S.C. § 523. Upon learning that chapter 7 corporate debtors may not receive discharges under the Bankruptcy Code, see id. § 727, how *26 ever, Francisco abandoned the second count.
On June 15, 2001, Chester Bowman moved for summary judgment, which the bankruptcy court granted. The court concluded that “the undisputed material facts” reveal that Francisco “has no standing to pierce the corporate veil of the debtor corporation because he cannot demonstrate that the company is responsible for any injuries suffered by him.” JA 92.
The district court affirmed. It, too, concluded that Francisco lacked standing to pierce the corporate veil because “the facts are legally insufficient to establish [the corporation’s] liability for the assault.” JA 170.
Francisco appealed the district court’s decision, which we review de novo. Oakland Gin Co. v. Marlow (In re Julien Co.), 44 F.3d 426, 429 (6th Cir.1995); Investors Credit Corp. v. Batie (In re Batie), 995 F.2d 85, 88—89 (6th Cir.1993) (“[U]nder our standard of review of district court bankruptcy decisions, the district court reviews the bankruptcy court’s grant of summary judgment de novo, and we review the district court’s review of that decision de novo.”).
II.
The bankruptcy court concluded that, under Tennessee law, only a party with a legally sufficient claim against a corporation has standing to pursue a veil-piercing action. It then proceeded to determine that Francisco’s personal-injury claim was meritless and accordingly did not give him standing to pursue this action. While we agree with the bankruptcy court’s conclusion that Francisco lacks standing to pursue this general veil-piercing action, we take a different path in reaching that conclusion.
From the perspective of standing, the question here is not whether Francisco has a cognizable personal-injury action against The Bowman Corporation and Chester Bowman; it is whether Francisco has alleged a sufficiently direct injury to pursue a general veil-piercing action against Bowman and The Bowman Corporation that would affect all creditors of the corporation. In our view, he has not done so.
Standing requires a plaintiff to “have suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.” Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (quotations omitted). In trying to establish standing, “the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties,” Warth v. Seldin, 422 U.S. 490, 49—500, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975), and generally may not rely on claims that are unripe, Nat’l Park Hospitality Ass’n v. Dep’t of Interior, 538 U.S. 803, 807—08, 123 S.Ct. 2026, 155 L.Ed.2d 1017 (2003).
Francisco cannot satisfy these requirements. In his complaint, he alleged that the “creditors of The Bowman Corporation, including the Plaintiff, have been injured through the illegal operations of The Bowman Corporation,” JA 10, and sought to hold “Chester Bowman ... personally liable for the corporate debts of The Bowman Corporation,” JA 12. The first problem is that Francisco has not alleged an actual or imminent injury to himself if the corporate veil is not pierced. Francisco is not a current creditor of the estate, and until he prevails on his personal-injury claim it is sheer conjecture whether he will become a creditor of the corporation. Nor is there any risk that his potential claim could be discharged in this Chapter 7 pro *27 ceeding, as Francisco himself has subsequently recognized. Thus, while Francisco theoretically could be injured if he cannot recover from the Bowman Corporation after a successful personal-injury action in state court, that conclusion is too speculative to confer standing to bring this general veil-piercing action in the bankruptcy court. See Koch Refining v. Farmers Union Cent. Exch., Inc., 881 F.2d 1339, 1353 (7th Cir.1987) (“[T]he fact that [these plaintiffs] might someday become actual creditors ... is palpably inadequate to confer standing.”) (quotation omitted); cf. Local 2116 v. Cyclops Corp., 860 F.2d 189, 194 (6th Cir.1988) (a ripeness determination requires “particular attention to the likelihood that the harm alleged by plaintiffs will ever come to pass”).
The second problem with Francisco’s claim is that it rests not on rights personal to him but on rights general to all creditors. See St. Paul Fire & Marine Ins. Co. v. PepsiCo, Inc., 884 F.2d 688, 704—05 (2d Cir.1989) (plaintiff faded to establish standing “because the injury in this case is a generalized one” which is “suffered by all other creditors”). Instead of seeking relief particular to his situation (presumably to try to avoid the bar in the bankruptcy court on personal-injury actions), Francisco seeks to pierce the corporate veil on behalf of all creditors. To the extent such an action may ever be brought, it would seem that the trustee is the best candidate to bring the action. See Koch Refining, 831 F.2d at 1353—54. And to the extent a third party may ever bring such an action, it would seem that the party at a minimum must have a concrete debt in hand. The trustee of course did not bring this action (or apparently even support it), and Francisco does not have a concrete debt. Under these circumstances, Francisco does not have standing to bring this action on behalf of all creditors.
III.
For these reasons, we vacate the bankruptcy court and district court judgments and dismiss the action for lack of subject-matter jurisdiction, all without prejudice to Francisco now continuing to pursue his personal-injury action in state court, together with any veil-piercing claim he may be permitted to assert in the state court.