In re John Robert IWANSKI, and, Kay Ellen Collins, Debtors.

John Robert Iwanski, Appellant,

v.

Federal Home Loan Mortgage Corp., Cody Brown, Kristin Solovy, and Kelsea Solovy, Appellees.

Nos. 10–74033, 11–12379.

United States District Court, E.D. Michigan, Southern Division.

Feb. 2, 2012.

John Robert Iwanski, Financial Law Group PC, Warren, MI, for Appellant.

***ORDER REVERSING THE BANK-RUPTCY COURT AND REMAND-ING FOR FURTHER PROCEED-INGS***

VICTORIA A. ROBERTS, District Judge.

## I. INTRODUCTION

Appellant challenges the Bankruptcy Court's Order of May 26, 2011, compelling him to return the full amount of security deposits paid by tenants Appellees Kristin Solovy, Kelsea Solovy, and Cody Brown in connection with the rental property located at 274 E. St. Clair, Romeo, Michigan (the "Romeo property"). Appellees did not respond to Appellant's Brief, and the time to do so has passed.

The Court **REVERSES** the Bankruptcy Court and **REMANDS** for further proceedings consistent with this order.

## II. FACTS

### A. Background

On November 8, 2010, Appellant John Robert Iwanski filed for Chapter 7 bankruptcy jointly with his wife Kay Ellen Collins. Prior to filing for bankruptcy, Mr. Iwanski fell behind on mortgage payments for an investment property, the Romeo property. On October 8, 2010, the Mortgagee bank foreclosed on the Romeo property. Mr. Iwanski filed for bankruptcy on November 8, 2010, to protect himself from creditors, including a potential deficiency owed to the mortgage creditor regarding the Romeo property.

Appellees Cody Brown, Kristin Solovy, and Kelsea Solovy (collectively, the "Tenants") continued to occupy the Romeo property after the foreclosure and Mr. Iwanski's bankruptcy filing. Mr. Iwanski had signed six-month leases with the Tenants for the Romeo property in September 2010. After the expiration of the leases in March 2011, the Tenants remained at the Romeo property as month-to-month holdover tenants.

Mr. Iwanski received his bankruptcy discharge on February 16, 2011. On April 8, 2011, the redemption period expired for the foreclosed Romeo property. Soon after, on April 19, 2011, the Mortgagee bank filed a motion for relief from the automatic stay to allow it to take possession of the Romeo property. The Tenants filed written responses to the motion.

The Bankruptcy Court scheduled the motion for hearing on May 16, 2011. Mortgagee's counsel, Mr. Iwanski's counsel, and the Tenants appeared. However, based on the fact that he was not opposing the motion, Mr. Iwanski did not attend. Because Mr. Iwanski was not present, the Court adjourned the hearing to May 23, 2011.

### B. The May 23, 2011 Hearing

The Court held a hearing on May 23, 2011, to consider the motion of the Mortgagee bank to lift the automatic stay. All the parties who appeared at the May 16

hearing appeared at this hearing, plus Appellant Mr. Iwanski.

At the hearing, the Bankruptcy Court took no sworn testimony, and admitted no evidence.

The Mortgagee's motion to lift the automatic stay was not opposed and was granted. In connection with the motion, the Court inquired into who was entitled to rents due regarding the Romeo property after the sheriff sale but before the expiration of the redemption period. Mr. Iwanski's counsel and the Mortgagee's counsel stated that they had researched the issue, and that they agreed that under Michigan law the former owner (i.e., Mr. Iwanski) is entitled to all rents due until the expiration of the redemption period. Tr. at 3.

At the hearing, Mr. Iwanski stated that the Tenants were behind in their rent and that eviction proceedings had been initiated in state court. Tr. at 13. He also stated that Tenants were asking for their security deposits back despite the fact that they were still occupying the premises. Tr. at 14.

Mr. Iwanski stated that Tenants Kristin Solovy and Kelsey Solovy had last paid $100 in March 2011 toward the monthly rent of $475, and that they had paid nothing for April and May. The Solovy Tenants denied these allegations, stating "there's no past due rent owed to [Mr. Iwanski] at all," and "we have receipts for all our rent." Tr. at 12, 13. They also demanded refund of their security deposit of $712.50. Tr. at 17.

Tenant Cody Brown said that he last paid rent in February 2011. Tr. at 20. He said he did not pay because he was not aware who owned the building on account of Mr. Iwanski's foreclosure. He also said he was entitled to return of his security deposit in the amount of $787.50. Tr. at 17.

Mr. Iwanski's counsel admitted that under Michigan law Mr. Iwanski is entitled to rent only until the expiration of the redemption period on April 8, 2011. Tr. at 14. Any rent owed after that date would be payable to the Mortgagee bank. However, he also maintained that under Michigan law, Mr. Iwanski is entitled to apply the Tenants' security deposits to unpaid rent. Tr. at 18. He mentioned that because there is unpaid rent for at least March and April, Mr. Iwanski is entitled to apply the Tenants' security deposits to the rent.

At the end of the hearing, the Bankruptcy Court ruled: "Mr. Iwanski, I hereby order you to refund to these tenants their full security deposits within seven days...." Tr. at 21. The Bankruptcy Court issued a one-sentence order on May 26, 2011, compelling the return of the security deposits for the reasons stated on the record.

## III. STANDARD OF REVIEW

The Court reviews the Bankruptcy Court's findings of fact for clear error and its conclusions of law *de novo*. *Investors Credit Corp. v. Batie*, 995 F.2d 85, 88–89 (6th Cir.1993). If the Bankruptcy Court's factual findings are silent or ambiguous as to an outcome determinative factual question, the district court may not engage in its own factfinding but, instead, must remand the case to the Bankruptcy Court for the necessary factual determination. *Hardin v. Caldwell*, 851 F.2d 852, 857 (6th Cir.1988).

## IV. ARGUMENT

On appeal, Mr. Iwanski argues that the Bankruptcy Court's order ignores the fact that he was entitled to apply security deposits to unpaid rent, and that he had no obligation to return security deposits until 45 days after the termination of occupancy

by Tenants. He also argues that the May 23, 2011 hearing involved a number of procedural irregularities, including that the Bankruptcy Court ruled without any evidence because nobody at the hearing was sworn in, and there was no opportunity for cross examination or discovery. Therefore, he says the Court's order lacks an evidentiary basis. This Court agrees.

## V. ANALYSIS

Michigan law clearly states that a mortgagor is entitled to possession of the mortgaged property, and all the benefits of possession, until the expiration of the redemption period. The Michigan Supreme Court says, "[T]he bank ha[s] no legal right of possession during the [ ] redemption period ... It has been the definite and continuous policy of this State to save to mortgagors the possession and benefits of the mortgaged premises, as against the mortgagees, until expiration of the period of redemption." *Kubczak v. Chemical Bank & Trust Co.*, 456 Mich. 653, 575 N.W.2d 745, 747–48 (1998). The benefits of possession include the right to collect rent. *Bennos v. Waderlow*, 291 Mich. 595, 289 N.W. 267, 269 (1939) ("[I]t is settled law that, until after the expiration of the equity of redemption through foreclosure proceedings, a mortgagee is not entitled to the rents and profits of the sold or mortgaged premises.").

There is no dispute that the redemption period for the Romeo property expired on April 8, 2011. Tr. at 15. There is also no dispute that the Tenants continued to occupy the property as of this date, and, indeed, were still occupying the property as of the May 23, 2011 hearing. Therefore, Mr. Iwanski is entitled to all rents due on the Romeo property through April 8, 2011.

Additionally, under the Michigan Landlord and Tenant Relationship Act of 1972, M.C.L. §§ 554.601 *et seq.*, a security deposit may be used for "all rent in arrearage." *Id.* § 554.607. A landlord is also entitled to retain a security deposit for 45 days after termination of the occupancy, and to begin an action for a money judgment against the former tenants during that time. *Id.* § 554.613. The landlord may retain the portion of the security deposit necessary to satisfy any money judgment against the tenant. *Id.*

Lastly, it appears that this matter may have been subject to mandatory abstention by the Bankruptcy Court. *See* 28 U.S.C. § 1334. Mr. Iwanski states that eviction proceedings were ongoing in state court at the time of the Bankruptcy Court's order, but the Bankruptcy Court did not give him the opportunity to file a motion requesting abstention.

Without making any factual findings or stating the legal basis for its ruling, the Bankruptcy Court simply ordered Mr. Iwanski to return Tenants' security deposits within seven days of its order. The Bankruptcy Court's order does not take into account clear Michigan law which states that the mortgagor is entitled to all rent due until the expiration of the redemption period, and that the mortgagor may apply money from a security deposit to unpaid rent.

The Bankruptcy Court's order is "silent or ambiguous as to an outcome determinative factual question." *Caldwell*, 851 F.2d at 857. This Court remands this matter to the Bankruptcy Court to make the appropriate factual findings. Specifically, the Bankruptcy Court must determine what rent, if any, was owed by Tenants to Mr. Iwanski at the end of the expiration of the redemption period on April 8, 2011. If the Bankruptcy Court determines that Tenants were in arrears as of that date, it must allow Mr. Iwanski

to apply the necessary portion of Tenants' security deposits to the unpaid rent. Additionally, the Bankruptcy Court must give Mr. Iwanski the opportunity to file an abstention motion before proceeding to adjudicate these matters.

## VI. CONCLUSION

The Bankruptcy Court's Order of May 26, 2011, is **REVERSED.** The matter is **REMANDED** for further proceedings.

**IT IS ORDERED.**