**In re Teresa A. MINZLER, Debtor.**

**Bankruptcy No. 3–93–31799.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Sept. 7, 1993.

Harold Jarnicki, Lebanon, OH, for debtor.

John P. Hilgeman, Dayton, OH, for Arcorp, dba Shastar, Altick & Corwin.

George W. Ledford, chapter 13 trustee, Englewood, OH.

## DECISION AND ORDER DENYING MOTION FOR RELIEF FROM AUTOMATIC STAY

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the court upon the motion of Arcorp, Inc., dba Shastar ("Shastar"), for relief from the automatic stay of 11 U.S.C. § 362. The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

### FACTS

1. On May 13, 1993, the debtor, Teresa A. Minzler, filed a chapter 13 petition in bankruptcy;

2. The debtor scheduled Shastar as a secured creditor with a claim of $885.00 secured by a washer and two bedroom sets valued at $885.00;

3. The debtor's plan proposed to pay Shastar's secured claim of $885.00 in full at 8% annual interest;

4. Creditors were notified by notice of May 18, 1993, that the first meeting of creditors would be held on June 15, 1993, and that objections to confirmation were required to be filed by June 22, 1993;

5. On July 9, 1993, Shastar filed a "Motion for Relief from Automatic Stay and for Adequate Protection with regard to Lease Agreements" (Doc. # 12) on the grounds that—

a) the debtor and Shastar had entered into lease-purchase agreements with respect to the collateral listed by the debtor in her bankruptcy schedules

b) the agreements are "true" leases and the debtor has incorrectly classified Shastar's claim as a secured claim, and

c) the debtor has not provided Shastar with adequate protection and has not assumed the leases;

6. No creditor filed an objection to confirmation;

7. This court entered an order on July 26, 1993, confirming the debtor's chapter 13 plan;

8. On August 19, 1993, Shastar's relief from stay motion came on for hearing.

## CONCLUSIONS OF LAW

Shastar has moved for relief from the automatic stay of section 362 of the Bankruptcy Code on the grounds set forth under section 362(d):

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

The debtor asserts that Shastar's motion must be denied because no objection was filed to the debtor's proposed chapter 13 plan and the order of confirmation is *res judicata* as to all issues under section 362(d).

■ Section 1327 of the Bankruptcy Code specifically provides that confirmation of a plan has the following effect:

The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

11 U.S.C. § 1327(a). This section binds Shastar to the terms of the debtor's plan. Absent a post-confirmation change in circumstances, Shastar may not attempt to alter its treatment under the plan. The issues of section 362(d)(2) may no longer be raised:

Thus, by operation of this section it is clear that a creditor cannot thereafter assert any other interest than that provided for him in the confirmed plan and that all of the issues of adequate protection, lack of equity, the fact that the property is not necessary for effective reorganization of debtor's affairs, etc.,

could and should have been raised in objections to confirmation....

The only possible legitimate causes of action for relief from the stay after confirmation would relate to matters occurring after confirmation such as failure to receive periodic payments provided for in the plan or that debtor was willfully committing waste or failing to insure, etc. *Ford Motor Credit Co. v. Lewis (In re Lewis)*, 8 B.R. 132, 137 (Bankr.Idaho 1981).

*Accord: In re Evans*, 30 B.R. 530, 531 (Bankr. 9th Cir.1983); *Citicorp Homeowners, Inc. v. Willey (In re Willey)*, 24 B.R. 369, 375 (Bankr.E.D.Mich.1982).

■ In this case, to have avoided being bound by the confirmation order Shastar had to file an objection to confirmation and not merely a motion for relief from stay. *Society Bank v. Botteri (In re Botteri)*, 108 B.R. 164, 166 (Bankr.S.D.Ohio 1989); *In re Clark*, 38 B.R. 683 (Bankr.E.D.Pa. 1984). On first impression, it might appear possible to construe Shastar's motion for relief from stay as an objection to confirmation, but this would not assist Shastar. Even if construed as an objection to confirmation, the motion was filed after the deadline for filing objections to confirmation and would be denied on the basis of untimeliness.

For the foregoing reasons the motion of Shastar for relief from the automatic stay is DENIED.

IT IS SO ORDERED.