ELECTRONIC CITATION: 2004 FED App. 0008P (6th Cir.)
File Name: 04b0008p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re: MARK RODNEY WELLMAN, GINA SUE WELLMAN, | ) ) ) | |
| Debtors. | ) ) ) | |
| _____ | ) ) | |
| SALT CREEK VALLEY BANK, | ) ) | |
| Appellant, | ) ) | |
| v. | ) ) | No. 03-8094 |
| MARK RODNEY WELLMAN, GINA SUE WELLMAN, | ) ) ) | |
| Appellees. | ) ) | |
| _____ | ) | |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio at Columbus.
Case No. 03-51439.

Submitted on Briefs: December 21, 2004

Decided and Filed: December 28, 2004

Before: COOK, GREGG, and WHIPPLE, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:** James H. Bownas, GAMBLE, HARTSHORN & JOHNSON, Columbus, Ohio, for Appellant. Robert James Morje, DECKER, VONAU, SEGUIN, LACKEY & VIETS, Columbus, Ohio, for Appellees.

1

**OPINION**

JOHN C. COOK, Bankruptcy Appellate Panel Judge. This case requires us to review the effect of the confirmation of a Chapter 13 plan on the relationship between a debtor and his creditors. The bankruptcy court held that creditor Salt Creek Valley Bank's ("Bank") motion for relief from stay, which was filed before, but not heard before, confirmation of the Debtors' plan, was incompatible with the confirmed plan. Consequently, the bankruptcy court denied the Bank's motion. Upon examination of the record and the briefs, the Panel unanimously agrees that oral argument would not significantly aid the decisional process in this appeal, and therefore waives oral argument. Fed. R. Bankr. P. 8012. For the reasons that follow, we **AFFIRM** the bankruptcy court's denial of the Bank's motion for relief from stay.

## I. Issues on Appeal

The central issue in this case is whether the bankruptcy court erred in finding that confirmation of the Debtors' plan pretermitted the issues raised in the Bank's motion for relief from stay.

## II. Jurisdiction and Standard of Review

The Panel has jurisdiction to review the final orders of a bankruptcy court pursuant to 28 U.S.C. § 158(a)(1). The United States District Court for the Southern District of Ohio has authorized appeals to the Bankruptcy Appellate Panel.

A bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed de novo. *Nicholson v. Isaacman (In re Isaacman),* 26 F.3d 629, 631 (6th Cir. 1994); *Hart v. Molino (In re Molino),* 225 B.R. 904, 905 (B.A.P. 6th Cir. 1998). The question of whether a confirmed plan pretermits a pending motion for relief from stay is a legal question reviewed de novo.

## III. Facts

The Bank holds a first mortgage on a three-acre parcel of real estate owned by the Debtors. On February 3, 2003, the Debtors filed their Chapter 13 case. On March 12, 2003, the Debtors filed an amended Chapter 13 plan, and on that same date, the Bank filed a motion (1) to dismiss the chapter 13 case with prejudice because of repetitive filings, (2) to enjoin the filing of any further petitions by or against the Debtors for a specified period, and (3) for related relief. Although not so captioned, the motion was also viewed by both the Bank and the bankruptcy court as an objection to confirmation of the Chapter 13 plan. The Debtors opposed the motion and, in its reply to the opposition, the Bank argued, among other things, that the real property securing the Debtors' obligation to the Bank was fully encumbered and not necessary to the Debtors' reorganization.

On June 18, 2003, an agreed order was entered resolving the Bank's motion to dismiss and objection to confirmation. The agreed order provided in part as follows:

> By agreement of the undersigned parties, and for good cause shown, the Motion to Dismiss and Objection to confirmation filed by Salt Creek Valley Bank are resolved as follows, said agreement being hereby adopted by this Court as its order on said matters.
> In the event that this Chapter 13 case is dismissed for any reason prior to February 3, 2006, then, as to Salt Creek Valley Bank or any successor in interest to the claim of Salt Creek Valley Bank, said dismissal shall be "with prejudice," and the 180 day time bar provided by 11 USC 106(g) [sic] shall be deemed applicable as to the claim of Salt Creek only.

Also, on June 18, the Bank filed a motion for relief from the automatic stay. Before the motion for relief from stay came on for hearing, however, the Chapter 13 plan was confirmed on July 30, 2003. Thereafter, on September 11, 2003, the bankruptcy court held a hearing on the Bank's motion for relief from stay and at the conclusion of the hearing the court announced an oral decision overruling the Bank's motion. The court's order overruling the Bank's motion was filed on September 30, 2003. The Bank has timely appealed from that order.

At the hearing on the Bank's motion for relief from stay, the Debtors stipulated that they had no equity in the real estate that secured their obligation to the Bank, and the Bank contended that it should be allowed to foreclose because the real estate was not necessary to the Debtors' reorganization. The Debtors argued otherwise, and Mark Wellman testified that the real estate was necessary because he used it for repairing his two truck tractors. He testified further that it would cost at least $1,300 per month to rent garage space suitable for such work. At the time of this hearing, the confirmed Chapter 13 plan provided for payment of the mortgage and, by necessary implication, the Debtors' retention of the property. As the bankruptcy court found, there was no evidence that the plan payments were in default.

At the conclusion of the hearing, the court found essentially that the confirmation of the plan had pretermitted the Bank's motion to lift stay.

> Well, I think what bothers me the most about the request here is . . . it seems that the time to deal with whether or not that is necessary or properly part of the plan is at confirmation and not a month and a half later when, without any evidence that the plan payments are in default. I mean, it's the debtor who has the authority under the Bankruptcy Code to propose the plan. If the bank felt that the plan was somehow inappropriate, then perhaps, the bank should have objected to the plan. And the bank did object to the plan but that was resolved and it was resolved, as I understood from looking at this a bit, that as long as the plan continues fine, if the case is dismissed there will be no more efforts at this, so to speak.

The court then continued in the same vein:

> But this an odd posture and not something that I would believe the Bankruptcy Code would envision that then a month after a plan is confirmed, without any evidence of default in the plan, that a creditor could come back and say, well, I guess I didn't like that plan after all, I didn't want to be in it, and so I'm going to make the argument that you don't need my collateral even though I didn't make that argument, or I didn't force that argument to any kind of decision in the context of the confirmation. That doesn't seem like the way that should work.

4

The bankruptcy court also seemed to be of the opinion that the mortgaged property might be necessary to the reorganization.

> But I'm not going to give relief from stay unless there's some reason here and I don't see the reason. This is all part of functionally this debtor's residence. He's testified as to some need to use it. There's also evidence that there's some encroachment.

## IV. Discussion

The bankruptcy court was correct in deciding that the provisions of the Debtors' confirmed plan bound the Bank and pretermitted its motion from relief from stay, absent a post-confirmation default in carrying out the plan. The Bank has cited no case to support its position that the court should have entertained a motion for relief from stay at that stage of the proceedings, and in fact the great weight of authority is to the contrary. Section 1327 of the Bankruptcy Code states that the "provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). This binding effect of confirmation has led courts to conclude that proceedings inconsistent or incompatible with the confirmed plan are improper.

> Section 1327 is clear. The provisions of a confirmed plan bind each creditor whether or not such creditor has objected to, has accepted, or has rejected the plan. The plans in the present cases provided for the curing of defaults and for the maintenance of payments to the appellants throughout the life of the plan. An order confirming a Chapter 13 plan is res judicata as to all justifiable issues which were or could have been decided at the confirmation hearing. *See, In re Lewis,* 8 B.R. 132, 137 (Bankr. D. Idaho 1981). Section 1327 precludes a creditor from asserting, after confirmation, any other interest than that provided for it in the confirmed plan. The issues of adequate protection, lack of equity, and necessity for a successful rehabilitation of the Chapter 13 debtor were all res judicata as of the confirmation of the plan.

*Anaheim Sav. & Loan Ass'n v. Evans (In re Evans),* 30 B.R. 530, 531 (B.A.P. 9th Cir. 1983). Once a plan is confirmed, it is treated as the exclusive and transcendent relationship between the debtor and the creditor. It follows that

5

> a creditor cannot thereafter assert any other interest than that provided for him in the confirmed plan and that all of the issues of adequate protection, lack of equity, the fact that the property is not necessary for effective reorganization of the debtor's affairs, etc., could and should have been raised in objections to confirmation.

*Ford Motor Credit Co. v. Lewis (In re Lewis),* 8 B.R. 132, 137 (Bankr. D. Idaho 1981); *accord, Citicorp Homeowners, Inc. v. Willey (In re Willey),* 24 B.R. 369, 375 (Bankr. E.D. Mich. 1982) (quoting *In re Lewis* with approval). Even where, as here, the motion for relief from stay is filed before confirmation, bankruptcy courts hold that, unless it pertains to a post-confirmation failure to make payments, the motion is untimely in view of the transcendence of the confirmed plan. *In re Minzler,* 158 B.R. 720, 721 (Bankr. S.D. Ohio 1993); *Society Bank v. Botteri (In re Botteri),* 108 B.R. 164, 166 (Bankr. S.D. Ohio 1989).

## V.  Conclusion

We agree with the courts that have concluded that confirmation of a plan is res judicata as to those issues which were or could have been decided at the confirmation hearing. When a debtor and creditor have been bound to a confirmed plan, an action by the creditor seeking relief that is incompatible with the plan is properly overruled. Hence, the bankruptcy court was correct in determining that the Bank's motion for relief from stay had been pretermitted by the confirmation of the plan in question. The order of the bankruptcy court is therefore **AFFIRMED**.