*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to 6th
Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name:  06b0010n.06**

## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | |
|---|---|
| In re:   TONY AND SUSAN SHULTZ, | ) |
| | ) |
| Debtors. | ) |
| ———————————————————— | ) |
| | ) |
| UNITED STATES OF AMERICA, INTERNAL | ) |
| REVENUE SERVICE, | ) |
| | )   No. 05-8038 |
| Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| TONY AND SUSAN SHULTZ, | ) |
| | ) |
| Appellees. | ) |
| ———————————————————— | ) |

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio, Western Division at Toledo.
No. 04-31058.

Argued: February 1, 2006

Decided and Filed:  May 19, 2006

Before:  GREGG, LATTA, and SCOTT, Bankruptcy Appellate Panel Judges.

————————————

**COUNSEL**

**ARGUED:** Peter Sklarew, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.,
for Appellant.  **ON BRIEF:**  Peter Sklarew, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., Robert G. Young, UNITED STATES ATTORNEY, Toledo, Ohio, for Appellant.

---

**OPINION**

---

JAMES D. GREGG, Bankruptcy Appellate Panel Judge. The Internal Revenue Service ("IRS") appeals a bankruptcy court order denying its motion for relief from stay. The motion, which was filed after confirmation of the Debtors' chapter 13 plan, sought relief from stay to allow the IRS to setoff a tax refund against the Debtors' prepetition tax liability. For the reasons that follow, the bankruptcy court's decision is AFFIRMED.

## I. ISSUE ON APPEAL

The IRS has identified a myriad of issues on appeal, the majority of which were not raised before or decided by the bankruptcy court. Absent special circumstances, this Panel will not consider "issue[s] not passed upon" by the trial court. *Singleton v. Wulff*, 428 U.S. 106, 120, 96 S. Ct. 2868, 2877 (1976). Accordingly, the narrow issue on appeal is whether the bankruptcy court abused its discretion when it determined that the IRS's right to setoff did not constitute cause to lift the automatic stay after confirmation of the Debtors' chapter 13 plan.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Northern District of Ohio has authorized appeals to this Panel, and a final order of the bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). The order denying the IRS's motion for relief from the automatic stay is a final order. *See Sun Valley Foods Co. v. Detroit Marine Terminals, Inc. (In re Sun Valley Foods Co.)*, 801 F.2d 186, 190 (6th Cir. 1986).

The bankruptcy court's denial of the IRS's motion to lift the automatic stay is reviewed on appeal for an abuse of discretion. *Americredit Fin. Servs., Inc. v. Nichols (In re Nichols)*, 440 F.3d 850, 856 (6th Cir. 2006); *Spierer v. Federated Dept. Stores, Inc. (In re Federated Dept. Stores, Inc.)*, 328 F.3d 829, 836 (6th Cir. 2003) (citing *White v. White (In re White)*, 851 F.2d 170, 174 (6th Cir. 1988)). An abuse of discretion occurs when the bankruptcy court "applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact." *Schenck v. City of Hudson*, 114 F.3d 590, 593 (6th Cir. 1997) (citations omitted). A court also abuses its discretion if, upon review, the appellate court is left with a "definite and firm conviction that the [bankruptcy court] committed a clear error of judgment." *Barlow v. M.J. Waterman & Assocs., Inc. (In re M.J. Waterman & Assocs., Inc.)*, 227 F.3d 604, 607-08 (6th Cir. 2000) (quoting *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir.1999)). "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *In re M.J. Waterman & Assocs., Inc.*, 227 F.3d at 608 (citations omitted).

### III.   FACTS

Tony and Susan Shultz, the "Debtors," filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on February 21, 2004. The Debtors' schedules listed the IRS as an unsecured priority creditor with a claim of $3,348.51 for unpaid federal income taxes. On or before the April 15, 2004, deadline, the Debtors filed their 2003 federal income tax return, claiming a refund of $1,304.00.

The IRS filed a proof a claim on June 1, 2004. The claim consisted of three components: a $1,656.49 unsecured priority claim, a $410.96 general unsecured claim, and a $1,304.00 secured claim. An attachment to the proof of claim states that the $1,304.00 secured portion of the claim relates to the IRS's right to setoff the Debtors' 2003 income tax refund against their prepetition tax liabilities.

The Debtors' chapter 13 plan treats the $3,348.51 owing to the IRS as a priority claim under 11 U.S.C. § 507 and provides for a full repayment of the amount owed to the IRS as required by 11

U.S.C. § 1322(a)(2). The IRS did not object to the plan, and it was confirmed by the bankruptcy court on June 7, 2004. Although the IRS's appellate brief mentions that the plan was mailed to the wrong IRS office and that it was not served with the confirmation order, the IRS has not alleged that it lacked adequate notice during the confirmation process.

After the Debtors' plan was confirmed, on November 1, 2004, the IRS filed a motion for relief from the automatic stay. The IRS requested that the bankruptcy court modify the stay to allow the IRS to offset its claim for prepetition taxes against the Debtors' 2003 tax refund. The Debtors objected to the motion.

On May 9, 2005, the bankruptcy court issued a Memorandum Opinion and Decision denying the motion for relief from stay. Proceeding on the assumption that the IRS held a valid right to setoff, but without deciding the issue, the court rejected the IRS's argument that the mere existence of this right constituted cause for relief from the automatic stay. In reaching this conclusion, the court emphasized the binding effect of the Debtors' chapter 13 plan and the general rule that after a plan is confirmed, "'cause' for relief from stay must be based upon postconfirmation circumstances, such as default by the debtor under the terms of the plan."[1] (J.A. at 68.) Finding that the IRS had failed to establish such cause, the court entered an order solely stating "*that the Motion of the United States of America, on behalf of the Internal Revenue Service, for Relief from the Automatic Stay, be, and is hereby, DENIED.*" (J.A. at 69 (emphasis added)). Importantly, the court did not order turnover of the tax refund, nor did it determine that the IRS's right to setoff had been extinguished.

---

[1] The bankruptcy court also referred to a provision of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, which permits government units to offset income tax refunds notwithstanding the automatic stay. *See* 11 U.S.C. 362(b)(26) (emphasis added). It reasoned that this provision would have been unnecessary if the IRS's "interpretation of the current state of the law were correct." (J.A. at 67.) Although this portion of the bankruptcy court's opinion was dicta, the IRS asks that it be addressed on appeal because the bankruptcy court's reasoning could be detrimental to the IRS "if it spreads." (Apt. Br. at 5.) Contagious or not, this Panel will not review language in the bankruptcy court's opinion that was unnecessary to its decision. *See Halbert v. Yousif*, 225 B.R. 336, 360 (E.D. Mich. 1998) (language in bankruptcy court order was dicta and would not be addressed on appeal); *Republic Health Corp. v. Coral Gables, Ltd. (In re REPH Acquisition Co.)*, 134 B.R. 194, 202 (N.D. Tex. 1991) ("This court will not by way of appeal modify specific bankruptcy court holdings that are unnecessary to its decision.").

This timely appeal followed.

# IV.   DISCUSSION

Setoff rights in bankruptcy cases are governed by Section 553(a) of the Bankruptcy Code. This provision "sets forth a general rule, with certain exceptions, that any right of setoff that a creditor possessed prior to the debtor's filing for bankruptcy is not affected by the Bankruptcy Code." *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 20, 116 S. Ct. 286, 289 (1995). In this appeal, the IRS's asserted setoff right stems from 26 U.S.C. § 6402(a), by which the IRS claims a statutory right to offset tax overpayments against tax liabilities prior to refunding any monies to the taxpayer.

Upon the filing of a bankruptcy petition, the Bankruptcy Code automatically stays all actions against property of the bankruptcy estate, including "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor." 11 U.S.C. § 362(a)(7). However, under § 362(d),

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under [§ 362(a)], such as by terminating, annulling, modifying, or conditioning such stay–
>
> (1) *for cause*, including the lack of adequate protection of an interest in property of such party in interest . . . .

11 U.S.C. § 362(d) (emphasis added). As the party requesting relief from stay, the IRS bears the initial burden of establishing that cause exists, while the Debtors bear the ultimate burden on all other issues except for those relating to their equity in property. 11 U.S.C. § 362(g).

> The burden of proof on a motion to lift or modify the automatic stay is a shifting one. Section 362(d)(1) requires an initial showing of cause by the movant, while Section 362(g) places the burden of proof on the debtor for all issues other than "the debtor's equity in property"[.] If the movant fails to make an initial showing of cause, however, the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection.

*In re Holly's, Inc.*, 140 B.R. 643, 683 (Bankr. W.D. Mich. 1992) (quoting *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.),* 907 F.2d 1280, 1281 (2d Cir.1990)).

Because "cause" for relief from stay is not defined by § 362(d)(1), "courts must determine whether discretionary relief is appropriate on a case-by-case basis." *Laguna Assocs. Ltd. P'ship v. Aetna Cas. & Sur. Co. (In re Laguna Assocs. Ltd. P'ship)*, 30 F.3d 734, 737 (6th Cir. 1994) (citing *In re Zick*, 931 F.2d 1124, 1129 (6th Cir. 1991)). After confirmation of a chapter 13 plan, relief from stay is only appropriate when the alleged cause for relief arises from postconfirmation circumstances, such as a default by the debtor under the terms of the plan. *See Salt Creek Valley Bank v. Wellman (In re Wellman)*, 322 B.R. 298, 301 (B.A.P. 6th Cir. 2004). This rule recognizes that a confirmed chapter 13 plan binds each creditor to its terms. 11 U.S.C. § 1327(a). As this Panel has previously explained: "[a]n order confirming a Chapter 13 plan is res judicata as to all [justiciable] issues which were or could have been decided at the confirmation hearing. Section 1327 precludes a creditor from asserting, after confirmation, any other interest than that provided for it in the confirmed plan." *Wellman*, 322 B.R. at 301 (quoting *Anaheim Sav. & Loan Ass'n v. Evans (In re Evans)*, 30 B.R. 530, 531 (B.A.P. 9th Cir. 1983) (internal citations omitted)); *see also Still v. Rossville Bank (In re Chattanooga Wholesale Antiques, Inc.)*, 930 F.2d 458, 463 (6th Cir. 1991) (holding, in a chapter 11 context, that "[c]onfirmation of a plan of reorganization by the bankruptcy court has the effect of a judgment by the district court and res judicata principles bar relitigation of any issues raised or that could have been raised in the confirmation proceedings"). Because issues such as adequate protection or lack of equity could, and should, be raised in objections to confirmation, "bankruptcy courts hold that, unless it pertains to a post-confirmation failure to make payments, the [postconfirmation] motion [for relief from stay] is untimely in view of the transcendence of the confirmed plan." *Wellman*, 322 B.R. at 301 (citing *In re Minzler*, 158 B.R. 720, 721 (Bankr. S.D. Ohio 1993) and *Society Bank v. Botteri (In re Botteri)*, 108 B.R. 164, 166 (Bankr. S.D. Ohio 1989)).

In support of its motion, the IRS argues that the *mere* existence of its right to setoff tax overpayments against tax liabilities, 26 U.S.C. § 6402(a), which is preserved in bankruptcy cases under § 553(a), constitutes cause for relief from stay under § 362(d)(1). *See, e.g.*, *In re Whitaker*, 173 B.R. 359 (Bankr. S.D. Ohio 1994); *United States v. Orlinski (In re Orlinski)*, 140 B.R. 600, 604 (Bankr. S.D. Ga. 1991) (both granting postconfirmation relief from stay to permit the exercise of setoff rights). *But cf. United States v. Johnson (In re Johnson)*, 136 B.R. 306 (Bankr. M.D. Ga. 1991) (confirmed plan precludes IRS from exercising setoff right so long as IRS is adequately protected). However, notwithstanding reported decisions that have accepted the IRS's argument,

the proposition that the mere existence of a right to setoff is cause for relief from stay is a tenuous one at best. As noted by the bankruptcy court, "[s]etoff, in effect, elevates an unsecured claim to secured status." *Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1079 (3d Cir. 1992) (citing *Lee v. Schweiker*, 739 F.2d 870, 875 (3d Cir. 1984)); *see* 11 U.S.C. § 506(a). Yet secured creditors are not entitled to relief from stay simply by virtue of their secured status. They still must demonstrate cause to lift the stay.

Aside from citing its setoff right, the IRS has offered no specific evidence whatsoever to establish cause for relief from stay. The Debtor's tax refund remains in the IRS's possession. Therefore, the IRS's interests remain adequately protected. Further, as of the date of the bankruptcy court's opinion, the Debtors were current in their payments under their plan. The IRS has not disputed this fact, nor does it assert any other postconfirmation defaults in support of its motion. In accordance with *Wellman*, the IRS was not entitled to relief from stay.

The IRS has raised a variety of inapposite arguments in an attempt to inoculate itself from this inescapable conclusion. Many of those arguments are premised on unfounded assertions that the bankruptcy's order was much broader than it actually was. Others involve hypothetical future applications of the order which are not ripe for appellate review. With regard to the IRS's unwarranted arguments, it is imperative to recognize what the bankruptcy court did *not* order. The bankruptcy court did not order immediate turnover of the tax refund to the Debtors. Unless and until the IRS is ordered to pay the refund to Debtors, any assertion that the IRS's setoff right is not adequately protected is totally premature. The IRS's concern that failure to immediately turn over the refund would subject it to possible future suits for violation of the automatic stay is purely speculative. Nor did the bankruptcy court hold that the IRS's setoff rights had been extinguished, by confirmation of the Debtors' plan or by any other means.[2] To the contrary, the court assumed that the IRS held a valid setoff right. Therefore, the Panel need not reach the difficult issue of whether a creditor's unexercised setoff right survives plan confirmation. The Panel also declines the IRS's request for any ill-advised and unnecessary advisory opinion regarding the possible preclusive effects of the bankruptcy court's order. However, in passing we note that "collateral estoppel treats as final

---

[2] At oral argument, the IRS conceded that "there's not an explicit statement in the order explicitly saying that our right of setoff is expunged." (Tr. at 10.)

only those questions actually and necessarily decided in a prior suit." *Brown v. Felson*, 442 U.S. 127, 139 n.10, 99 S. Ct. 2205, 2213 n.10 (1979) (additional citations omitted). Our careful review of the record demonstrates that the bankruptcy court made no determination regarding the validity of the IRS's setoff right. Reiterating, the bankruptcy court, in issuing its decision, assumed the IRS held a valid setoff right.

Notwithstanding the IRS's repeated attempts to exaggerate the significance of the bankruptcy court's order, that court did not abuse its discretion when it declined to modify the automatic stay to permit immediate exercise of the IRS's presumed setoff rights. The IRS failed to demonstrate any cause for relief from the automatic stay. In fact, the IRS failed to show that the order denying its motion for relief from stay had *any* adverse effect on its rights whatsoever. The order simply leaves the Debtors' tax refund frozen in the IRS's possession pending the IRS's receipt of payments under the Debtors' confirmed chapter 13 plan. Similar administrative holds on funds subject to setoff rights have been permitted by the United States Supreme Court. *See Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 116 S. Ct. 286 (1995).

## V.  CONCLUSION

Although reasonable persons may differ on this issue, the bankruptcy court did not abuse its discretion in denying the IRS's postconfirmation motion for relief from the automatic stay. Accordingly, the bankruptcy court's order is AFFIRMED.