**In re Christian H. MURRAY, Helen S. Murray, Debtors.**

**No. 06–31616.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division at Dayton.

Sept. 11, 2006.

As Amended Sept. 13, 2006.

Scott A. Kramer, Esq., Dayton, OH, for the Debtors.

## DECISION REGARDING MOTION FOR ORDER CONFIRMING IN-APPLICABILITY OF THE AUTO-MATIC STAY

THOMAS F. WALDRON, Bankruptcy Judge.

### *BACKGROUND AND ESTABLISHED EVENTS*

Pending before the court are the Creditor's motion seeking an order that the automatic stay is not in effect in this case and the Debtor's response that creditor action involving the property in question must occur exclusively in the bankruptcy court during the pendency of this case. As a result of the competing, applicable bankruptcy provisions, the position of each party is correct.

The Court's record in this case establishes the following events. (Federal Rule of Evidence 201).

On June 23, 2006, counsel for Christian H. Murray and Helen S. Murray, the Debtors, filed a chapter 13 petition (Doc. 1) and a chapter 13 plan (Doc. 6) (the "Plan") together with other required documents (Docs. 2, 3, 4, 5, 7, 8 and 9). The Plan proposed payments of $1,587 per month for sixty months and provided, *inter alia,* to cure a mortgage arrearage and maintain regular monthly payments on a first mortgage registered with Mortgage Electronic Registration Systems, Inc. (MERS) in connection with the Debtors'

principal residence at 110 Yale Avenue (the "Property"), to avoid a junior mortgage (asserted to be wholly unsecured), to pay in full two "910 car claims"[1] and to provide no distribution to unsecured claims.

On June 30, 2006, a complete copy of the Plan and a separate notice listing various dates, including the 341 meeting (July 25, 2006) and the last day to object to confirmation (August 4, 2006), were sent to all creditors and parties in interest. (Docs. 12, 13, 14).

On July 7, 2006, MERS, acting solely as nominee for Mortgage Investors Corporation and its servicing agent, GMAC Mortgage Corporation, filed a Notice of Appearance (Doc. 15); however, MERS did not attend the 341 meeting and did not file an objection to the Plan.

On August 14, 2006, an Order confirming the Plan was entered. (Doc. 28)

### DETERMINATIONS UNDER 28 U.S.C. §§ 1334 AND 157

The Court has jurisdiction pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference entered in this District. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (G), (L) and (O). These determinations are the subject of further explanation in this decision.

### ISSUES AND ARGUMENTS PRESENTED FOR DETERMINATION

On August 1, 2006, MERS filed a *Motion For Order Confirming Inapplicability Of The Automatic Stay Pursuant To 11 U.S.C. Section 362(c)(3)(C)(ii)*[2] (Doc. 25) arguing that the plain meaning of § 362(c)(4)(A)(ii) requires the Court to promptly enter an order confirming the automatic stay did not go into effect in this case. Specifically, the creditor argued that these individual Debtors, had two prior, joint cases pending within the previous year and, since both of those cases were dismissed and no other factors prevent the relief requested, the automatic stay did not go into effect when the petition in the present case was filed.

On August 21, 2006, the Debtors filed the *Debtors' Response To Motion For Order Confirming Inapplicability Of The Automatic Stay Pursuant To 11 U.S.C. Section 362(c)(3)(C)(ii)* (Doc. 32), in which they concede the prior filings and dismissals; however, they argue that the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "2005 Act") does not contain any "[e]xpress language diminishing the jurisdiction of the Court over the estate property. Moreover, [the 2005 Act] made no change to the pre-2005 Act language of section 1306 (Property of the Estate) and 1327 (effect of Confirmation)", and conclude the stay must remain "in effect as to property of the estate."

### DETERMINATION OF ISSUES PRESENTED

The Court will enter an order confirming that the automatic stay is not in effect in this case and determining that all actions involving property of the estate must be commenced in this bankruptcy court during the pendency of this case.

---

1. A "910 car claim" arises as a result of new text, which lacks any alphanumeric designation, added to § 1325(a). The commentary and case law have often referred to this new text as a "hanging paragraph" in § 1325(a). The court expresses no view on the meaning of this "hanging paragraph" in § 1325(a).

2. Despite the citation in the caption, the Creditor's argument concerns § 362(c)(4)(A)(ii).

## ANALYSIS

When Congress enacted the Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, 92 Stat. 2549 (the Code), it repealed and completely replaced the prior bankruptcy legislation (the Bankruptcy Act of 1898, Pub.L. No. 55–171, amended by the Chandler Act of 1938, Pub.L. No. 75–696, 52 Stat. 840). When Congress enacted the 2005 Act, Pub.L. No. 109–8, 119 Stat. 23, it did not repeal or replace the prior bankruptcy legislation (the Code). Instead, Congress merely attached a sidecar (the 2005 Act) to the existing bankruptcy vehicle (the Code). The operation of this oddly constructed vehicle is frequently difficult, depending on whether it is controlled solely by the provisions of the Code, solely by the provisions of the 2005 Act, or, as in this case, by some provisions of the 2005 Act and some provisions of the Code.[3]

## PRELIMINARY ISSUE— "PROMPTLY"

■ Section 362(c)(4)(A)(ii) provides that "on request of a party in interest, the court shall *promptly* enter an order confirming that no stay is in effect." (emphasis added) This section is new language added by the 2005 Act and the word promptly is not defined within § 101—Definitions, nor does it appear in § 102—Rules of Construction, nor is assistance available from provisions of the Dictionary Act. 1 U.S.C. § 1.

As detailed later, the provisions of § 362(c) distinguish between circumstances where the automatic stay of § 362(a) goes into effect for only a limited period [§ 362(c)(3)] and circumstances where the stay does not go into effect at all [§ 362(c)(4)]. It is noteworthy that § 362(j) provides that "[o]n request of a party in interest, the court shall issue an order under subsection (c) confirming that the automatic stay has been terminated." Notably absent in this provision, in which the language closely tracks the language of § 362(c)(4)(A)(ii), is the word "promptly." This would indicate that Congress intended the court to enter an order "confirming that no stay is in effect" under § 362(c)(4)(A)(ii) in a time period more prompt than an order "confirming that the automatic stay has been terminated" under other provisions of § 362(c), which has no indication of the time period when an order should be entered; however, again, neither of these provisions aid in determining the time period which would constitute "promptly" under § 362(c)(4)(A)(ii). The Court is not aided by a congressionally designated definition of a specific time period.

In the absence of a definition supplied in existing bankruptcy legislation, the Supreme Court has turned to familiar dictionaries. See *In re Cleaver*, 333 B.R. 430, 434, fn. 5 (Bankr.S.D.Ohio 2005) ("The Supreme Court has routinely resorted to dictionaries to determine the common meaning of terms not defined in the Bankruptcy Code. See, e.g., *Rousey v. Jacoway*, 544 U.S. 320, 125 S.Ct. 1561, 1566–69, 161 L.Ed.2d 563 (2005); *Cohen v. de la Cruz*, 523 U.S. 213, 220, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998).") *Black's Law Dictionary* 1214 (Sixth edition 1990) defines promptly as follows: "Adverbial form of the word 'prompt,' which means ready and quick to act as occasion demands. The meaning of the word depends largely on

---

**3.** As noted by one court: "The [2005 Act] did not replace the entire Code, but merely supplemented the provisions. Accordingly, the Court may find congressional intent by looking not only at the provisions of the Code which were changed by the [2005 Act], but also to the provisions which were left untouched." (citation omitted) *In re Fuger*, 347 B.R. 94, 96–98 (Bankr.D.Utah 2006).

the facts in each case, for what is 'prompt' in one situation may not be considered such under other circumstances or conditions. . . ." Other dictionaries provide similar information. The Court is only generally aided, but not specifically directed to any determinable period, by an examination of familiar dictionaries.

The Court notes the *Motion* (Doc. 25) does not request that the Court enter the order by any specific date and is accompanied by a Notice (Doc. 26) which provides the Debtors have twenty days in which to file a response. See Local Bankruptcy Rule 9013–1 ("Except as otherwise provided by Rules 2002 and 9006(f), such notice shall fix the response and service of response for twenty (20) days from the date of service as set forth on the certificate of service") The Debtor's response does not address the issue of a specific date for any order. The Court is not aided by any suggestions of the parties in this case.

The use of the amorphous word "promptly" in § 362(c)(4)(A)(ii) stands in stark contrast to the 2005 Act's more specific time periods in other provisions of § 362. For example, § 362(c)(3)(A) provides that the stay terminates "on the 30th day"; § 362(c)(3)(B)—"hearing completed before the expiration of the 30–day period"; § 362(c)(4)(B)—"if, within 30 days after the filing"; § 362(d)(3)—"or 30 days after the court determines"; § 362(e)(2)— "on the date that is 60 days after a request is made"; and, §§ 362(*l*)(3)(A) and (m)(2)(B)—"the court shall hold a hearing within 10 days."

It seems appropriate to conclude that, in the absence of language in the text of § 362(c)(4)(A)(ii) establishing a 30 day period, or some other specific period, when such a 30 day time period, or other specific time periods, are prevalent throughout the other provisions of § 362, the use of the word "promptly" does not require that the

order be entered within 30 days of the request and does not otherwise require the entry of the order in any specific time period.

There are, nevertheless, factors a court may consider in a determination of promptly under § 362(c)(4)(A)(ii). These factors include the due process requirements reflected in the service and notice requirements of applicable national or local bankruptcy rules; the pled, or established, circumstances supporting a party's request that the order be entered by a specific date; separate statutory provisions which provide for the entry of orders by a specific date; the existence of undetermined, older matters of the same character, and other time-sensitive demands of the court's docket following the filing of the last document in connection with the motion requesting an order pursuant to § 362(c)(4)(A)(ii).

Upon a consideration of these factors in the circumstances of this case, the Court determines that the order confirming the stay is not in effect in this case, which will be entered on September 11, 2006, which is 41 days from the filing of the *Motion For Order Confirming Inapplicability Of The Automatic Stay Pursuant To 11 U.S.C. Section 362(c)(3)(C)(ii)* (Doc. 25), is entered promptly.

### *STATUTORY PROVISIONS ALTERED BY THE 2005 ACT*

#### The Text of § 362(c)(4)(A)

Prior to the enactment of the 2005 Act, the Code contained various provisions listing circumstances in which the stay did not go into effect [§ 362(b)] and circumstances where the stay terminated at a certain time [§ 362(c)], although these provisions were significantly altered by the 2005 Act. Particularly relevant in this case are the following provisions:

(i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor where pending within the previous year but were dismissed, other than a case refiled under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case; and (ii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect[.]

§ 362(c)(4)(A).

The parties do not dispute that all necessary factual predicates have been established in this case [4]; rather, the parties' dispute centers on the proper legal interpretation of the provision's text.

It must be recognized that the plain meaning of the text "the stay under subsection (a) shall not go into effect upon the filing of the later case" results in a determination that the automatic stay is not in effect in this case.

As the United States Supreme Court has instructed courts in examining the provisions of the Bankruptcy Code, "[w]e have stated time and time again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 253–254, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992) (citation omitted). That statement is consistent with the United States Supreme Court's principles that statutory interpretation is a holistic endeavor which must begin with the language of the statute itself. Resort to an examination of legislative his-

tory is appropriate only to resolve statutory ambiguity, and in the final analysis, such examination must not produce a result demonstratively at odds with the purpose of the legislation. *See Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992); *Pennsylvania Dept. of Public Welfare v. Davenport,* 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990); *Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986). The Sixth Circuit has likewise noted that statutes "must be read in a 'straightforward' and 'commonsense' manner," and that "[w]hen we can discern an unambiguous and plain meaning from the language of a [statute], our task is at an end." *Rogers v. Laurain (In re Laurain),* 113 F.3d 595 (6th Cir.1997) (citations omitted); *see also Bartlik v. United States Dep't of Labor,* 62 F.3d 163 (6th Cir.1995).

*Andersson v. Sec. Fed. Sav. & Loan of Cleveland (In re Andersson),* 209 B.R. 76, 78 (6th Cir. BAP 1997).

As a noted jurist observed:

The prevailing trend is to begin with the text of the statute and to interrogate its meaning in light of related provisions and the broader context of the statutory scheme as a whole. Only then do courts proceed to other sources such as legislative history and policy. (footnotes omitted)

Hon. Marjorie O. Rendell, *2003—A Year of Discovery: Cybergenics and Plain Meaning in Bankruptcy Cases,* 49 Vill. L.Rev. 887, 887–89 (2004).

There is no ambiguity in the relevant text of this provision and the plain mean-

---

**4.** The Debtors had two prior, joint chapter 13 cases dismissed within a year of the petition date of the present case. Case No. 05–36219 was dismissed on November 10, 2005 and Case No. 050–46603 was dismissed on June 12, 2006. The court notes that § 362(c)(4)(A)

refers to an exception for "a case refiled under section 707(b)", but cases can only be dismissed, not refiled, under § 707(b). See the text of § 362(c)(3)—"after dismissal under section 707(b)."

ing reading does not produce a result demonstrably at odds with the expressed intent of Congress.

### The Text of § 362(c)(3)(A)

█ Additionally, a review of authority construing the related provisions of § 362(c)(3)(A), which provides for termination of the stay as to the debtor, but not as to property of the estate, augments the Court's conclusion.

> To summarize, the court holds that § 362(c)(3)(A) terminates the stay with respect to actions taken against the debtor and against property of the debtor, but does not terminate the stay with respect to property of the estate. See *In re Johnson*, 335 B.R. 805, 806 (Bankr. W.D.Tenn.2006)("[w]hen read in conjunction with subsection (1), ... the plain language of § 362(c)(3)(A) dictates that the 30–day time limit only applies to 'debts' or 'property of the debtor' and not to 'property of the estate.' ") (335 B.R. at 806).

*In re Jones*, 339 B.R. 360, 365 (Bankr. E.D.N.C.2006).

> If Congress wanted to terminate the stay of all the protections of the automatic stay in § 362(c)(3)(A), it could easily have used language similar to that in § 362(c)(4)(A)(i) ("the stay under subsection (a) shall not go into effect upon the filing of the later case"). Congress instead chose to describe the termination of stay quite differently.
>
> The Court of Appeals for the Fourth Circuit recently observed that the use of a particular phrase in one statute but not in another "merely highlights the fact that Congress knew how to include such a limitation when it wanted to." [*In re*] *Coleman*, 426 F.3d [719] at 725 [(4th Cir.2005)]. The Coleman court also quoted the Supreme Court's clear directive on this topic: "Where Congress includes particular language in one

section of a statute but omits it in another, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Keene Corp. v. United States*, 508 U.S. 200, 208, 113 S.Ct. 2035, 2040, 124 L.Ed.2d 118 (1993) (internal quotation marks and alterations omitted), quoted in *Coleman*, 426 F.3d at 725–6. Since Congress, in terminating aspects of the automatic stay in § 362(c)(3)(A), chose language that is so vastly different than the straightforward language it used when it terminated all protections of the stay in § 362(c)(4)(A)(i), the court concludes that § 362(c)(3)(A) is not as broad as § 362(c)(4)(A)(i) and that all of the protections of the automatic stay are not eliminated by § 362(c)(3)(A). (footnotes omitted)

*In re Paschal*, 337 B.R. 274, 277–79 (Bankr.E.D.N.C.2006). But see *In re Jupiter*, 344 B.R. 754 (Bankr.D.S.C.2006) (stay termination of § 362(c)(3)(A) applies to the debtor and to property of the estate), *In re Jumpp*, 344 B.R. 21 (Bankr. D.Mass.2006) (same).

### The Text of Other Provisions of § 362

It is noteworthy that, even in other provisions of § 362(b) addressing circumstances in which the automatic stay is not in effect at the time of filing, the 2005 Act continues the specific recognition of the significance accorded the term of art—property of the estate. See § 362(b)(2)(A)(iv)—"for the dissolution of a marriage, except to the extent that such a proceeding seeks to determine the division of property that is *property of the estate*" and § 362(b)(2)(B)—"of the collection of a domestic support obligation from property that is not *property of the estate[.]*" (emphasis added)

Accordingly, as a result of provisions of the 2005 Act, the Court determines that

MERS is entitled to an order confirming that the automatic stay is not in effect in this case; however, as a result of other applicable provisions of the Code, the Debtor is correct that creditor action involving the Property must occur exclusively in the bankruptcy court during the pendency of the case.

### STATUTORY PROVISIONS NOT ALTERED BY THE 2005 ACT

As noted earlier, there are significant provisions of the Code which were not altered by the 2005 Act. Although the 2005 Act made changes in some alphanumeric designations or other text in certain sections of these relevant Code provisions, the 2005 Act made no changes in the following relevant, statutory provisions which impact the issues in this case: 28 U.S.C. § 1334(e)(1)—jurisdiction; 28 U.S.C. § 157—procedures; 11 U.S.C. § 541(a)—property of the estate; 11 U.S.C. § 554—abandonment of property of the estate; 11 U.S.C. § 1306—property of the estate and 11 U.S.C. § 1327—effect of confirmation.

### Statutory Provisions of Title 28

■ Essential to an appropriate determination of the issues in this case are the following statutory provisions in Title 28 governing jurisdiction in this case:

> The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction—
>
> (1) of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate[.]

28 U.S.C. § 1334(e)(1).

> Core proceedings include, but are not limited to—
>
> (A) matters concerning the administration of the estate;

> (B) allowance or disallowance of claims against the estate ...;
>
> \* \* \* \* \* \*
>
> (G) motions to terminate, annul, or modify the automatic stay;
>
> \* \* \* \* \* \*
>
> (L) confirmation of plans;
>
> \* \* \* \* \* \*
>
> (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims[.]

28 U.S.C. § 157(b)(2)(A), (B), (K), (L) and (O).

As previously established in connection with changes resulting from the enactment of the Code:

> The court notes that recently the Sixth Circuit abrogated its prior rule announced in *In re Washington*, 623 F.2d 1169 (6th Cir.1980), cert. denied, 449 U.S. 1101, 101 S.Ct. 896, 66 L.Ed.2d 826 (1981), and recognized the bankruptcy court's superior jurisdiction over a debtor's property even though a state court had already exercised *in rem* jurisdiction over the property. The Sixth Circuit in *In re White*, 851 F.2d 170, 172–173 (6th Cir.1988) noted,
>
> > Our decision to award superior jurisdiction to the state court was based on "traditional notions of comity, which require that, as between state and federal courts, jurisdiction must be yielded to the court that first acquires jurisdiction over the property." 623 F.2d at 1172. We traced this holding to a broader doctrine which advocates granting exclusive jurisdiction to the first court asserting *in rem* jurisdiction, when both courts base jurisdiction on control of the same property.

See, e.g. *Princess Lida of Thurn and Taxis v. Thompson,* 305 U.S. 456, 466, 59 S.Ct. 275, 280, 83 L.Ed. 285 (1939). Despite the federalism interests served by such a rule, we agree with debtor's argument that the 1978 and 1984 changes to the Bankruptcy Code were primarily aimed at getting away from the kind of in rem jurisdiction set out in *Princess Lida and In re Washington.* The jurisdiction granted in 28 U.S.C. § 1334(d) indicates a conscious effort by Congress to grant the bankruptcy court special jurisdiction and to preclude the type of jurisdictional disputes evidenced in those cases. See H.R.Rep. No. 95–595, 95th Cong., 1st Sess., 445, reprinted in 1978 U.S.Code Cong. & Admin. News 5787, 5963, 6400; 1 L. King, Collier on Bankruptcy § 3.01 p. 3–30 (15th ed.1983).

\* \* \* \* \* \*

The rule in *In re Washington* should therefore no longer apply to give the state court jurisdiction over property simply because it may have been the first court to exercise control over the property.

*Air Enters., Inc. v. Ohio Farmers Ins. Co. (In re Hughes–Bechtol, Inc.),* 107 B.R. 552, 555 (Bankr.S.D.Ohio 1989).

The Sixth Circuit recently stated:

28 U.S.C. § 1334(b) provides exclusive district court jurisdiction over "all cases under title 11," and concurrent jurisdiction over "civil proceedings arising under title 11, or arising in or related to cases under title 11." In turn, 28 U.S.C. § 157(a) permits district courts to refer bankruptcy cases brought under their original jurisdiction to bankruptcy courts. Section 157(b) of the same chapter defines "core proceedings arising under title 11, or arising in a case under title 11" to include "matters concerning the administration of the estate," "motions to terminate, annul, or modify the automatic stay," and "other proceedings affecting the liquidation of assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship ...." 28 U.S.C. § 157(b)(2)(A), (G), (O).

*Amedisys, Inc. v. Nat'l Century Fin. Enters, Inc. (In re Nat'l Century Fin. Enters., Inc.,)* 423 F.3d 567, 573–74 (6th Cir. 2005).

Additionally, recent Supreme Court cases have reaffirmed the jurisdiction conferred in 28 U.S.C. § 1334. See *Marshall v. Marshall,* —— U.S. ——, ——, 126 S.Ct. 1735, 1741, 164 L.Ed.2d 480 (2006) (reversing the Court of Appeals' recognition of the "probate exception" limiting federal jurisdiction and stating that "[t]he Ninth Circuit had no warrant from Congress, or from decisions of this court, for its sweeping assertion of the probate exception" and, also, reaffirming its prior holding in *Ankenbrandt v. Richards,* 504 U.S. 689, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992) limiting the "domestic relations exception") and *Central Virginia Community College v. Katz,* —— U.S. ——, ——, 126 S.Ct. 990, 995–96, 163 L.Ed.2d 945 (2006) (affirming the Sixth Circuit determination that the doctrine of sovereign immunity does not shield a state from the exercise of a bankruptcy court's jurisdiction and stating that "[b]ankruptcy jurisdiction, at its core, is *in rem* ..... Then as now, the jurisdiction of courts adjudicating rights in the bankruptcy estate included the power to issue compulsory orders to facilitate the administration and distribution of the res.")

The combined effect of these statutory provisions is to place exclusive jurisdiction in the bankruptcy court for all actions involving property of the Debtors' estate.

This was true under the Code and remains unaltered by the 2005 Act.

### Statutory Provisions of Title 11

The 2005 Act made no changes impacting the substance of the applicability of the following statutory provisions in Title 11 in this case:

11 U.S.C. § 541. Property of the estate

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C. § 554. Abandonment of property of the estate

(a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

(d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.

11 U.S.C. § 1306. Property of the estate

(a) Property of the estate includes, in addition to the property specified in section 541 of this title—

(1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first; and

(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

(b) Except as provided in a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate.

11 U.S.C. § 1327. Effect of confirmation

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

(c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

As further discussed in this decision, the combined effect of these statutory provisions, in connection with the Plan in this case, is to vest the Property as property of

this bankruptcy estate and bind MERS to the terms of the Debtors' confirmed Plan.

## Plan Provisions

A central element in the determination of the issues in the case is an understanding of the Plan's provision concerning the vesting of property of the estate. The confirmed Plan provides, in relevant part, "9. Vesting of Property in Debtor—All property of the estate *shall not vest back to the Debtor after confirmation, but shall remain property of the estate until the case is dismissed, discharged or converted.*" (emphasis added) This provision is consistent with chapter 13 plans considered in other bankruptcy courts. ("Pursuant to orders confirming chapter 13 plans in the Western District of Tennessee, all property which is defined by §§ 541 and 1306 as 'property of the estate' remains property of the chapter 13 estate until the case is discharged or dismissed or until the court orders otherwise." *In re Johnson,* 335 B.R. 805, 806 (Bankr.W.D.Tenn.2006)).

## Property of the Estate

The absence or termination of the automatic stay does not remove property from the Debtors' estate. See 11 U.S.C. § 554. The automatic stay is a procedural issue, which, absent other factors, permits or prohibits proposed actions. The most important other factor in chapter 13 cases is whether the proposed action involves property of the estate and, if so, where the property of the estate is vested.

 In this case, the entry of an order confirming that the automatic stay is not in effect does not, during the pendency of this case, authorize any action against the Property, except in this court. As noted:

> The filing of a bankruptcy petition creates a bankruptcy estate comprised of the debtor's legal or equitable interests in property wherever located and by whomever held. 11 U.S.C. § 541(a);

*Hong Kong & Shanghai Banking Corp., Ltd. v. Simon (In re Simon),* 153 F.3d 991, 996 (9th Cir.1998). As a result, "[t]he district court in which the bankruptcy case is commenced obtains exclusive in rem jurisdiction over all of the property in the estate." *Id.*

\* \* \* \* \* \*

Thus, an order lifting the automatic stay by itself does not release the estate's interest in the property and "the act of lifting the automatic stay is not analogous to an abandonment of the property." *Id.* at 311 (citing *In re Ridgemont Apartment Assocs.,* 105 B.R. 738, 741 (Bankr.N.D.Ga.1989)).

*Catalano v. Comm'r,* 279 F.3d 682, 686–87 (9th Cir.2002); Accord *Lange v. Schropp (In re Brook Valley IV),* 347 B.R. 662 (8th Cir. BAP 2006).

## Effect of Confirmation

 As noted earlier, the Plan provisions providing the Property remains property of the estate has been confirmed. See Doc. 28—Order Confirming Plan. The Bankruptcy Appellate Panel of the Sixth Circuit has explained the effect of a confirmed plan, noting:

> Section 1327 of the Bankruptcy Code states that the "provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). This binding effect of confirmation has led courts to conclude that proceedings inconsistent or incompatible with the confirmed plan are improper.
>
> > Section 1327 is clear. The provisions of a confirmed plan bind each creditor whether or not such creditor has objected to, has accepted, or has reject-

ed the plan. The plans in the present cases provided for the curing of defaults and for the maintenance of payments to the appellants throughout the life of the plan. An order confirming a Chapter 13 plan is res judicata as to all justifiable issues which were or could have been decided at the confirmation hearing. See, *In re Lewis*, 8 B.R. 132, 137 (Bankr.D.Idaho 1981). Section 1327 precludes a creditor from asserting, after confirmation, any other interest than that provided for it in the confirmed plan. The issues of adequate protection, lack of equity, and necessity for a successful rehabilitation of the Chapter 13 debtor were all res judicata as of the confirmation of the plan.

*Anaheim Sav. & Loan Ass'n v. Evans (In re Evans)*, 30 B.R. 530, 531 (9th Cir. BAP 1983). Once a plan is confirmed, it is treated as the exclusive and transcendent relationship between the debtor and the creditor. It follows that

> a creditor cannot thereafter assert any other interest than that provided for him in the confirmed plan and that all of the issues of adequate protection, lack of equity, the fact that the property is not necessary for effective reorganization of the debtor's affairs, etc., could and should have been raised in objections to confirmation.

*Ford Motor Credit Co. v. Lewis (In re Lewis)*, 8 B.R. 132, 137 (Bankr.D.Idaho 1981); accord, *Citicorp Homeowners, Inc. v. Willey (In re Willey)*, 24 B.R. 369, 375 (Bankr.E.D.Mich.1982) (quoting In re Lewis with approval). Even where, as here, the motion for relief from stay is filed before confirmation, bankruptcy courts hold that, unless it pertains to a post-confirmation failure to make payments, the motion is untimely in view of the transcendence of the confirmed plan. In *re Minzler*, 158 B.R.

720, 721 (Bankr.S.D.Ohio 1993); *Society Bank v. Botteri (In re Botteri)*, 108 B.R. 164, 166 (Bankr.S.D.Ohio 1989).

*In re Wellman*, 322 B.R. 298, 301 (6th Cir. BAP 2004); Accord *In re Wallace*, 46 Fed. Appx. 819, 820–821, 2002 WL 31055985, *1 (6th Cir. Sept.13, 2002) ("The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a); see also *Cline v. Welch (In re Welch)*, No. 97–5080, 1998 WL 773999, at *2 (6th Cir. Oct.11, 1998).) See also *In re Murphy*, 346 B.R. 79, 83 (Bankr.S.D.N.Y.2006) ("Because confirmation of a chapter 13 plan will 'bind each creditor' it follows that termination of the automatic stay as to all creditors under Section 362(c) does not automatically relieve all creditors, for all purposes, from the binding effect of a subsequently confirmed chapter 13 plan.")

### The Text of Other Provisions of § 362

It is also noteworthy that in the 2005 Act's changes to § 362, Congress demonstrated its specific awareness of the significance of both terminating the stay and also removing property from the estate by providing in § 362(h):

> (h)(1) In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, *and such personal property shall no longer be property of the estate* . . . . (emphasis added)

As previously noted in this decision, the appropriate rule of statutory construction provides that the specific inclusion of text terminating the stay and removing the

property from the estate in § 362(h) and specific exclusion of similar text terminating the stay, but not removing the property from the estate in § 362(c)(4), establishes that Congress limited § 362(c)(4) to issues concerning the stay and not to issues concerning property of the estate. ("[I]t is generally presumed that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another[.]" *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 537, 114 S.Ct. 1757, 1761, 128 L.Ed.2d 556 (1994) (citation omitted)); *Cohen v. de la Cruz*, 523 U.S. 213, 221, 118 S.Ct. 1212, 1218, 140 L.Ed.2d 341 (1998) ("We, however, 'will not read the Bankruptcy Code to erode past bankruptcy practice absent a clear indication that Congress intended such a departure[.]' " (citation omitted))

### CONCLUSION

Although the Court will enter an order confirming the automatic stay is not in effect in this case, the court determines that all actions involving the Property must be commenced exclusively in this bankruptcy court during the pendency of this case.

The Court is cognizant that this decision raises a number of questions, not the least of which may be what, if any postpetition actions, are, or will be, available in this court during the pendency of a case in connection with this Property; however, as has been noted in connection with issues presented by the 2005 Act—"That is an interesting question that need not be decided in this case." *Paschal*, 337 B.R. at 281 (footnote omitted).

An order in accordance with this decision has been simultaneously entered.